1  JOANNA L. BROOKS (SBN 182986)
   SUZANNA K. YEGHIAZARIANS (SBN 229155)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, CA 94105
   Telephone    415.394.9400
4  Facsimile:    415.394.9401
   Email: brooksj@jacksonlewis.com
5  Email: yeghiazarianss@jacksonlewis.com

6  Attorneys for Defendant
   THE EQUINOX GROUP, INC.                      *E-filing*
7

8                 UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                                       CV  10      3586

11  SEAN BARNES, individually, and on behalf of     Case No.
    all others similarly situated,
12                                              NOTICE OF REMOVAL OF CIVIL
13                  Plaintiffs,                 ACTION TO THE UNITED STATES
                                                DISTRICT COURT FOR THE
14          v.                                  NORTHERN DISTRICT OF
                                                CALIFORNIA PURSUANT TO 28
15  THE EQUINOX GROUP, INC., and DOES 1         U.S.C. SECTIONS 1332, 1441 AND 1446
    through 100, inclusive,                     [CAFA DIVERSITY]
16
                                                (Filed concurrently with Decl. of Matthew
17                  Defendants.                 Herbert; Notice of Interested Parties; and
                                                Notice of Pendency of Other Action)
18
                                                Complaint Filed:    June 1, 2010
19

20  TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

21  THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF SEAN BARNES AND TO

22  HIS ATTORNEYS OF RECORD:

23          PLEASE TAKE NOTICE:    Defendant THE EQUINOX GROUP, INC.

24  ("Defendant") hereby removes this action from the Superior Court of the State of California for

25  the County of San Francisco to the United States District Court for the Northern District of

26  California, pursuant to 28 U.S.C. sections 1332 (as amended by the Class Action Fairness Act of

27  2005, Pub. L. 109-2, section 4(a) ("CAFA")), 1441(a) and (b) and 1446, for the following

28  reasons:

                                            1

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT    Case No._____

1.    On June 1, 2010 Plaintiff SEAN BARNES ("Plaintiff") filed his class action complaint in the Superior Court of the State of California, County of San Francisco, designated as Case No. CGC-10-500361 ("Complaint").  The Complaint alleged the following five (5) causes of action against Defendant and Does 1 through 100:  (1) Failure to Pay Wages [Overtime]; (2) Failure to Reimburse Expenses and/or Prohibited Cash Bond; (3) Failure to Provide Accurate Itemized Wage Statements [seeking penalties under California Labor Code § 226]; (4) Failure to Pay Wages on Termination [seeking waiting time penalties under California Labor Code § 203]; and (5) Unfair Business Practices.

2.    On July 14, 2010, Defendant first received Plaintiff's Summons and Complaint and related court documents.  A copy of the Summons, Complaint and other related court documents received by Defendant is attached as Exhibit "A."

3.    On August 11, 2010, Defendant filed and served its Answer in the Superior Court of the State of California, County of San Francisco.  A true and correct copy of Defendant's Answer is attached as Exhibit "B."

4.    This Notice of Removal has been filed within thirty (30) days after Defendant was deemed served a copy of Plaintiff's Summons and Complaint upon which this action is based.  This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(d).

5.    In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the San Francisco County Superior Court.  A true and correct copy of the form of such notice is attached hereto as Exhibit "C."  Therefore, all procedural requirements under 28 U.S.C. section 1446 have been satisfied.

6.    Venue of this action lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441, *et seq.* and 1391(a) because this is the judicial district of this Court in which the action arose, where Plaintiff resides and where the causes of action arose.

///

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT   Case No._____

1

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

2      7.      Pursuant to Section 4 of the Class Action Fairness Act of 2005, 28 U.S.C.

3   section 1332(d)(2) has been amended to read, in relevant part:

4               The district courts shall have original jurisdiction of any
                civil action in which the matter in controversy exceeds the
5               sum or value of $5,000,000, exclusive of interest and costs,
                and is a class action in which – (A) any member of a class
6               of plaintiffs is a citizen of a State different from any
                defendant.

7

8      8.      In addition, CAFA provides for jurisdiction in the district courts only

9   where the proposed class involves 100 or more members, or where the primary defendants are not

10  States, State officials, or other governmental entities.  28 U.S.C. § 1332(5).

11     9.      As set forth below, this is a civil action over which this Court has original

12  jurisdiction under 28 U.S.C. section 1332(d), in that it is a civil action filed as a class action

13  involving more than 100 members, and based on the allegations in the Complaint the matter in

14  controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and Plaintiff is a

15  citizen of a state different from Defendant.   Furthermore, the Defendant is not a State, State

16  official, or other governmental entity.

17  ## REMOVAL BASED ON DIVERSITY AND CLASS ACTION FAIRNESS ACT OF 2005

18  ## (28 U.S.C. sections 1332(a) and (d))

19     10.     CAFA's diversity requirement is satisfied when at least one member of a

20  class of plaintiffs is a citizen of a state in which none of the defendants are citizens, when at least

21  one member of a class of plaintiffs is a citizen of a foreign state and one defendant is a U.S.

22  citizen, or when at least one member of a class of plaintiffs is a U.S. citizen and one defendant is

23  a citizen of a foreign state.  28 U.S.C. § 1332(d)(2).

24     11.     Citizenship of the parties in this Action is determined by their citizenship

25  status at the Action's commencement.  *Mann v. City of Tucson* (9th Cir. 1986) 782 F.2d 790.

26     12.     Plaintiff at the time of filing of the Complaint alleges he was employed

27  within the State of California.  Complaint at ¶ 16.  Further, Defendant is informed and believes

28  ///

3

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT   Case No._____

1   Plaintiff is a resident and citizen of the state of California.   Declaration of Matthew Herbert

2   ("Herbert Decl."), ¶ 2.

3         13.   A corporation is a citizen of any state where it is incorporated and of the

4   state where it has its principal place of business.  28 U.S.C. § 1332(c).

5         14.   Defendant at the time of filing of the Complaint was a resident and citizen

6   of the State of New York as Defendant is incorporated in New York.  Defendant's corporate

7   headquarters are located at 895 Broadway, 2nd Floor, New York, NY 10003, where Defendant

8   conducts a predominance of its corporate and business activities.  Moreover, none of Defendant's

9   corporate officers are citizens or residents of California.  *The Hertz Corporation v. Friend*, 130

10  S.Ct. 1181 (2010); Herbert Decl., ¶¶ 3, 4.

11        15.   Defendant's Board of Directors typically meets at its headquarters in New

12  York, New York. *The Hertz Corporation, supra*, 130 S.Ct. 1181; Herbert Decl.  ¶ 5. Applying

13  the "nerve center" test, New York is clearly the state where Defendant's primary executive,

14  administrative, financial and management functions are conducted and where the high level

15  officers direct, control, and coordinate the corporation's activities —i.e. the principle place of

16  Defendant.

17        16.   The presence of Doe defendants has no bearing on the diversity with

18  respect to removal.  28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the

19  citizenship of defendants used under a fictitious name shall be disregarded.")

20        **AMOUNT IN CONTROVERSY**

21        17.   CAFA, 28 U.S.C. Section 1332(d) authorizes the removal of class action

22  cases in which, among other factors mentioned above, the amount in controversy for all class

23  members exceeds $5,000,000.  Where a Plaintiff's state court complaint is silent as to the amount

24  of damages claimed, the removing defendant need only establish that it is more probable than not

25  that Plaintiff's claim exceeds the jurisdictional minimum.

26        18.   In determining whether the amount in controversy exceeds $5,000,000, the

27  Court must presume the plaintiff will prevail on each and every one of his claims.  Kenneth

28  *Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp. 993, 1001, citing,

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT   Case No._____

*Burns v. Windsor Ins. Co.* (11th Cir. 1994) 31 F.3d 1092, 1096 (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.* (3d Cir. 1993) 989 F.2d 142, 146 ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").  The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied.  *Cohn v. Petsmart, Inc.* (9th Cir. 2002) 281 F.3d 837, 843, n.1, *citing, Willingham v. Morgan* (1969) 395 U.S. 402, 407 n.3, 89 S.Ct. 1813, 23 L.Ed.2d 396.

19.     Without admitting that Plaintiff could recover any damages, Defendant has a good faith belief that the amount in controversy in this action could exceed $5,000,000, exclusive of interest and costs.

20.     As part of his First Cause of Action for unpaid wages, Plaintiff alleges Defendant failed to pay overtime to each person employed by Defendant as a Personal Trainer during the four-year class period.  Complaint at ¶¶ 37-42.  There are approximately 1308 putative class members who were employed during the four-year class period.  The putative class members received a combined average hourly wage of $8.00, and assuming Plaintiff seeks damages equal to at least five (5) hours of unpaid overtime per week per putative class member, the total amount-in-controversy for unpaid overtime is approximately $4 million (66651weeks multiplied by $60 per week = $3,999,060).

21.     As part of his Fourth Cause of Action, Plaintiff seeks waiting time penalties pursuant to Labor Code § 203 equal to 30 days of wages for each putative class member.  Complaint at ¶¶ 60-64.   The total amount-in-controversy for Labor Code § 203 penalties is at least $2.5 million ($64 average daily rate multiplied by 30 = $1,920; $1,920 multiplied by 1308 putative class members = $2,511,360.)

22.     As part of his Third Cause of Action, Plaintiff seeks penalties for Defendant's alleged failure to provide accurate itemized wage statements pursuant to Labor Code § 226.  This code section entitles an employee "to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT   Case No._____

($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees." Labor Code § 226(e). The amount in controversy for the alleged failure to provide accurate itemized wage statements is approximately $2,455,250 million.

23.  Thus, the amount in controversy based on Plaintiff's alleged violations for unpaid overtime and penalties pursuant to Labor Code §§ 203 and 226 alone exceeds $5,000,000.

24.  Additionally, Plaintiff's Complaint seeks an unspecified amount of unpaid business expenses and attorneys' fees. In determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. § 1332(a), a court may consider the aggregate value of claims for compensatory damages and attorney's fees. *Goldberg v. CPC Int'l, Inc.* 678 F.2d 1365, 1367 (9th Cir.), *cert. denied*, 459 U.S. 945 (1982) (attorney's fees may be taken into account to determine jurisdictional amount). The amount in controversy may include attorney's fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-1156. The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. *Simmons v. PCR Technology* (N.D. Cal. 2002) 209 F.Supp.2d 1029, 1035 (noting that attorneys' fees in individual employment discrimination cases often exceed damages).

25.  Furthermore, such fees are calculable beyond the time of removal. *Simmons v. PCR Technology*, 209 F.Supp.2d at 1035. Assuming for purposes of this analysis only that the amount of attorneys' fees at issue in this matter amounted to 25% of the alleged overtime wages and penalties set forth above, the amount of these fees could exceed $2,241,417. Therefore, the aggregate claimed penalties by Plaintiff including attorneys fees (TOTAL PENALTIES + 25% TOTAL PENALTIES) could exceed $11 million.

## NUMEROSITY

26.  CAFA also provides that the district courts shall not have jurisdiction over actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

27.  Plaintiff brings this action on behalf of all persons who are, or have been

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT   Case No._____

1  employed by Defendant as a Personal Trainer during the four-year class period.  Complaint at ¶ ¶

2  1, 2.  There are approximately 1308 putative class members who were employed during the four-

3  year class period.  As such, this Court properly has jurisdiction over this matter, as the classes

4  proposed by Plaintiff contain in excess of 100 members.

5       WHEREFORE, Defendant removes the above-entitled action now pending in the Superior

6  Court of the State of California for the County of San Francisco to this Court.

7  Respectfully submitted,

8  Dated:  August 13, 2010                    JACKSON LEWIS LLP

9

10                                        By:

11                                        JoAnna L. Brooks
                                          Suzanna K. Yeghiazarians
12                                        Attorneys for Defendant
                                          THE EQUINOX GROUP, INC.

13

14  4833-2866-9447, v.  1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT   Case No._____

# EXHIBIT A

6-1-10          FIRST LEGAL          4156261331

COPY

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

The Equinox Group, Inc. and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Sean Barnes, individually, and on behalf of all others similarly situated.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: San Francisco Superior Court
*(El nombre y dirección de la corte es):*

Civic Center Courthouse
400 McAllister Street, San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):*
CGC - 10 - 500 361

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
SCOTT COLE & ASSOCIATES, APC, 1970 Broadway, Ninth Floor, Oakland, CA 94612 (510)-891-9800

DATE:     JUN 0 1 2010     CLERK OF THE COURT   Clerk, by         M.A. MORAN         , Deputy
*(Fecha)*                                      *(Secretario)*                         *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify):* The Equinox Group, Inc.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

6-1-10          FIRST LEGAL          4156261331

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Matthew R. Bainer, Esq. (S.B. #220972)<br>SCOTT COLE & ASSOCIATES, APC<br>1970 Broadway, Ninth Floor<br>Oakland, CA 94612<br>TELEPHONE NO.: 510-891-9800     FAX NO.: 510-891-7030<br>ATTORNEY FOR *(Name):* Representative Plaintiff Sean Barnes | **FOR COURT USE ONLY**<br>ENDORSED<br>F I L E D<br>Superior Court of California<br>County of San Francisco<br>JUN 0 1 2010<br>CLERK OF THE COURT<br>MARY ANN MORAN<br>BY: _____ Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

**CASE NAME:**
Barnes v. The Equinox Group, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | CGC-10-500361<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

**2.** This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
- a. [ ] Large number of separately represented parties
- b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
- c. [✓] Substantial amount of documentary evidence
- d. [✓] Large number of witnesses
- e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
- f. [✓] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
**4.** Number of causes of action *(specify):* Five (5)
**5.** This case [✓] is   [ ] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 1, 2010
Matthew R. Bainer, Esq.
_____
(TYPE OR PRINT NAME)                         ►_____
                                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

CASE NUMBER: CGC-10-500361 SEAN BARNES VS. THE EQUINOX GROUP, INC et al

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

|  |  |
|---|---|
| **DATE:** | **OCT-29-2010** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212** |
|  | **400 McAllister Street** |
|  | **San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.** (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

FAXED 6-1-10     FIRST LEGAL     4156261331     COPY

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

JUN 0 1 2010

CLERK OF THE COURT
BY: MARY ANN MORAN
Deputy Clerk

1   Matthew R. Bainer, Esq. (S.B. #220972)
    Molly A. Kuehn, Esq. (S.B. #230763)
2   **SCOTT COLE & ASSOCIATES, APC**
    1970 Broadway, Ninth Floor
3   Oakland, California 94612
    Telephone: (510) 891-9800
4   Facsimile: (510) 891-7030
    Web: www.scalaw.com

CASE MANAGEMENT CONFERENCE SET

OCT 2 9 2010 9:00 AM

DEPARTMENT 212

5

6   Attorneys for Representative Plaintiff
    And the Plaintiff Class

7

8       **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9         **IN AND FOR THE COUNTY OF SAN FRANCISCO**

10

11   SEAN BARNES, individually, and on    )   Case No.
    behalf of all others similarly situated,   )
12                       )   **CLASS ACTION**
             Plaintiffs,   )
13                       )   **COMPLAINT FOR DAMAGES,**
    vs.                      )   **INJUNCTIVE RELIEF, AND RESTITUTION**
14                       )
    THE EQUINOX GROUP, INC.,      )
15   and DOES 1 through 100, inclusive,   )
                      )
16             Defendants.   )

17

18   Representative Plaintiff alleges as follows:

19

20                     **PRELIMINARY STATEMENT**

21       1.     This is a class action, under Code of Civil Procedure § 382, seeking unpaid wages

22   (including overtime wages), and interest thereon, reimbursement of business expenses, waiting time

23   penalties, liquidated damages and other penalties, injunctive and other equitable relief and

24   reasonable attorneys' fees and costs, under, *inter alia*, Title 8 of the California Code of Regulations,

25   California Labor Code §§ 200-204, inclusive, 221, 223, 226, 226.7, 400-410, 510, 1174, 1194,

26   1194.2, 1197 and 2802, California Business and Professions Code §§ 17200, *et seq.* and California

27   Code of Civil Procedure § 1021.5. The Representative Plaintiff brings this action on behalf of

28   himself and all other persons similarly situated (hereinafter referred to as the "Class Members"

*SCOTT COLE & ASSOCIATES, APC*
*ATTORNEYS AT LAW*
*THE WACHOVIA TOWER*
*1970 BROADWAY, NINTH FLOOR*
*OAKLAND, CA 94612*
*TEL: (510) 891-9800*

1    and/or the "Plaintiff Class") who are, or have been, employed by defendant The Equinox Group, Inc.

2    ("Equinox" and/or "Defendant") as Personal Trainers within the applicable statutory period. The

3    Representative Plaintiff, on behalf of himself and the Class Members, also seeks injunctive relief and

4    restitution of all benefits Defendant has enjoyed from its unfair, unlawful and/or fraudulent business

5    practices under Business and Professions Code §§ 17200-17208.

6          2.     The "Class Period" is designated as the time from June 1, 2006 through the trial date,

7    based upon the allegation that the violations of California's wage and hour laws, as described more

8    fully below, have been ongoing since that time. During the Class period, Defendant has had a

9    consistent policy of, *inter alia*, (1) permitting, encouraging, and/or requiring its Personal Trainers to

10   work "off-the-clock," without compensation therefor, (2) permitting, encouraging, and/or requiring

11   its Personal Trainers to perform reported hours of work without compensation therefor, (3) failing to

12   reimburse its Personal Trainers for business expenses related to the operations of Defendant, (4)

13   willfully failing to pay compensation (including unpaid overtime) in a prompt and timely manner to

14   the Representative Plaintiff and/or those Class Members whose employment with Defendant

15   terminated, and (5) willfully failing to provide the Representative Plaintiff and Class Members with

16   accurate semi-monthly itemized wage statements of the total number of hours each of them worked

17   and the applicable deductions during each pay period.

18

19                                    **INTRODUCTION**

20         3.     Nearly a hundred years ago, California enacted its first daily overtime law, thereby

21   setting California's first workday standard, long before the federal government enacted overtime

22   protections for workers.

23         4.     According to findings of the California Legislature, numerous studies have linked

24   long work hours to increased rates of accident and injury and a loss of family cohesion when either

25   or both parents are kept away from home for extended periods of time, on either a daily or weekly

26   basis.

27         5.     Defendant maintains and operates health and fitness facilities and makes the strength-

28   building and cardiovascular fitness equipment and services at these facilities available to the public

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   on a membership basis. Within the Class Period, Defendant has operated numerous facilities

2   throughout California. In so doing, Defendant has employed hundreds, if not thousands, of

3   individuals in recent years alone as Personal Trainers, non-overtime-exempt employees who are

4   entitled to, *inter alia*, be paid for all hours worked, at their regular rate of pay, to be reimbursed for

5   all business expenses related to Equinox's operations, and to be paid said wages and reimbursed for

6   said business-related expenses in a timely manner.

7       6.      Defendant's Personal Trainers are responsible for facilitating individual training

8   sessions with Equinox's members specifically tailored to address the members' personal fitness

9   goals.

10      7.      Personal Trainers often hold several sessions a day, and are responsible for

11  performing additional tasks such as researching and preparing a customized workout plan for each

12  individual client every six weeks, completing paperwork, attending meetings, soliciting clients listed

13  on a telephone "call list" provided by Equinox, scheduling training sessions, and a host of other

14  activities required for the performance of their positions with and for the benefit of Equinox.

15      8.      Notwithstanding the foregoing, no matter how many hours are spent by Personal

16  Trainers performing tasks for the benefit of this employer, such as those identified in paragraph 7,

17  above, Personal Trainers are paid only for the length of time associated with the personal training

18  sessions they hold.

19      9.      Moreover, the Representative Plaintiff is informed and believes and, based thereon,

20  alleges that Equinox knew and/or should have known that its Personal Trainers are and, at all times

21  during the Class Period, were performing work off-premises (e.g., at home, at continuing

22  education/training programs, etc.) for which Class Members were not being compensated as well as

23  incurring business-related expenses for which they were not being reimbursed by Defendant.

24      10.     Despite actual knowledge of these facts and legal mandates, Defendant has enjoyed

25  an advantage over its competition and has disadvantaged its workers by electing not to pay all wages

26  due and/or provide reimbursement of business-related expenses to its Personal Trainers.

27  ///

28  ///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

11.     The Representative Plaintiff is informed and believes and, based thereon, alleges that officers of Equinox knew of these facts and legal mandates, yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

12.     Despite Equinox's knowledge of the Class' entitlement to wages for all hours worked and expense reimbursements for all applicable work periods, Equinox failed and continues to fail to provide the same thereto in willful violation of California state statutes, Industrial Welfare Commission Orders and Title 8 of the California Code of Regulations. This action is brought to redress and end this long-time pattern of unlawful conduct.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over the Representative Plaintiff's and Class Members' claims for unpaid wages, expenses and/or penalties under, *inter alia*, Title 8 of the California Code of Regulations, California Labor Code §§ 200-204, inclusive, 221, 223, 226, 226.7, 400-410, 510, 1174, 1194, 1194.2, 1197 and 2802, California Business and Professions Code §§ 17200, *et seq.* and California Code of Civil Procedure § 1021.5.

14.     This Court has further jurisdiction over the Representative Plaintiff's and Class Members' claims for injunctive relief and restitution of ill-gotten benefits arising from Defendant's unfair, unlawful and/or fraudulent business practices under Business & Professions Code §§ 17203 and 17204.

15.     Venue as to Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395(a). Defendant maintains facilities and offices in the County of San Francisco, transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on the Representative Plaintiff and those similarly situated within the State of California and within San Francisco County. Defendant operates said facilities and has employed numerous Class Members in San Francisco County, as well as in other counties within the State of California.

///

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1

**PLAINTIFFS**

2          16.     Representative Plaintiff Sean Barnes is a natural person and was, during the relevant

3    time period identified herein, employed by The Equinox Group, Inc., within the State of California,

4    as a Personal Trainer.

5          17.     In said position, the Representative Plaintiff was repeatedly paid a substandard wage

6    insofar as he was denied full pay for all hours worked and reimbursement for expenses made on

7    behalf of Defendant. The Representative Plaintiff is informed and believes, and based thereon,

8    alleges that this conduct of Equinox is/was commonplace at every location owned and operated

9    thereby.

10         18.     As used throughout this Complaint, the terms "Class Members" and/or the "Plaintiff

11   Class" refer to the named plaintiff herein as well as each and every person eligible for membership

12   in the Plaintiff Class, as further described and defined herein.

13

14

**DEFENDANT**

15         19.     At all times herein relevant, defendant The Equinox Group, Inc. was, and is, a

16   corporation doing business within the State of California and with health and fitness facilities located

17   both within this judicial district and elsewhere across the United States.

18         20.     The Representative Plaintiff is informed and believes and, on that basis, alleges that

19   Defendant has, and does, directly and/or indirectly, employed and/or exercised control over the

20   wages, hours and working conditions of the Representative Plaintiff and members of the class.

21         21.     Those defendants identified as Does 1 through 100, inclusive, are and were, at all

22   relevant times herein-mentioned, officers, directors, partners, and/or managing agents of some/each

23   of the remaining defendants. The Representative Plaintiff is informed and believes and, on that basis

24   alleges that, at all relevant times herein mentioned, each of the defendants identified as Does 1

25   through 100, inclusive, employed and/or exercised control over the wages, hours and/or working

26   conditions of the Representative Plaintiff and Class Members at various California locations, as

27   identified in the preceding paragraph.

28   ///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1     22.    The Representative Plaintiff is unaware of the true names and capacities of those

2  defendants sued herein as Does 1 through 100, inclusive and, therefore, sues these defendants by

3  such fictitious names. The Representative Plaintiff will seek leave of Court to amend this Complaint

4  when the same are ascertained. The Representative Plaintiff is informed and believes and, on that

5  basis, alleges that each of the fictitiously-named defendants is responsible in some manner for, gave

6  consent to, ratified and/or authorized the conduct herein alleged and that the Representative

7  Plaintiff's and Class Members' damages, as herein alleged, were proximately caused thereby.

8     23.    The Representative Plaintiff is informed and believes and, on that basis, alleges that,

9  at all relevant times herein mentioned, each of the defendants was the agent and/or employee of each

10  of the remaining defendants and, in doing the acts herein alleged, was acting within the course and

11  scope of such agency and/or employment.

12

13                    **CLASS ACTION ALLEGATIONS**

14     24.    The Representative Plaintiff brings this action individually and as a class action on

15  behalf of all persons similarly situated and proximately damaged by Equinox's conduct, as set forth

16  in this Complaint, including, but not necessarily limited to, the following plaintiff class:

17         All persons employed by The Equinox Group, Inc. in the State of California as
          Personal Trainers at any time on or after June 1, 2006.
18

19     25.    Defendant, its officers, and directors are excluded from the class.

20     26.    This action has been brought and may properly be maintained as a class action under

21  Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation

22  and the proposed Class is easily ascertainable.

23              a.    Numerosity: A class action is the only available method for the fair and
                     efficient adjudication of this controversy. The members of the class are so
24                   numerous that joinder of all members is impractical, if not impossible,

25                   insofar as the Representative Plaintiff is informed and believes and, on that
                     basis, alleges that the total number of Class Members exceeds hundreds of
26                   individuals. Membership in the plaintiff classes will be determined upon
                     analysis of employee and payroll, among other, records maintained by
27                   Defendant.

28  ///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

b.  <u>Commonality</u>: The Representative Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy. These common questions include, but are not necessarily limited to:

1)  Whether Defendant violated one or more of California's Wage Orders, the California Labor Code and/or California Business and Professions Code §§ 17200, *et seq.* by failing to pay all wages due to its Personal Trainers;

2)  Whether Defendant violated California Labor Code §§ 400-410 and/or § 2802 by requiring its Personal Trainers to pay all or a portion of the normal business expenses of Defendant;

3)  Whether Defendant violated and/or continues to violate, California Labor Code § 1174 by failing to keep accurate records of its Personal Trainers' hours of work;

4)  Whether Defendant violated, and continues to violate California Labor Code §§ 201-203 by failing to pay all wages due and owing at the time particular Class Members' employment with Defendant terminated;

5)  Whether Defendant violated and/or continues to violate California Labor Code § 226 by failing to provide semi-monthly itemized wage statements to Class Members of total hours worked and all applicable hourly rates in effect during each relevant pay period.

c.  <u>Typicality</u>: The Representative Plaintiff's claims are typical of the claims of the Plaintiff Class. The Representative Plaintiff and all members of the class sustained injuries and damages arising out of and caused by Equinox's common course of conduct in violation of state law, as alleged herein.

d.  <u>Superiority of Class Action</u>: Since the damages suffered by individual class members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for class members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual class member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other class members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

e.  <u>Adequacy of Representation</u>: The Representative Plaintiff in this class action is an adequate representative of the Plaintiff Class, in that the Representative Plaintiff's claims are typical of those of the Plaintiff Class and the Representative Plaintiff has the same interests in the litigation of this case as the class members. The Representative Plaintiff is committed to vigorous prosecution of this case, and has retained competent counsel, experienced in litigation of this nature. The Representative Plaintiff is not subject to any

1    individual defenses unique from those conceivably applicable to the class as
     a whole. The Representative Plaintiff anticipates no management difficulties
2    in this litigation.

3                    **COMMON FACTUAL ALLEGATIONS**

4          27.    As described herein, Equinox has, for years, knowingly failed to adequately

5    compensate those Personal Trainers within the class definition identified above for wages due under

6    California Labor Code §§ 200, *et seq*. and applicable California Wage Orders, thereby enjoying a

7    significant competitive edge over other companies within its industry.

8          28.    Even upon the termination or resignation of the employment of the Representative

9    Plaintiff and numerous other class members during the class period, Equinox declined to pay these

10   wages, in blatant violation of California Labor Code §§ 201 and/or 202.

11         29.    Moreover, according to Defendant's policies, all Class Members were required to

12   incur business expenses related to the operations of Defendant.

13         30.    Moreover, California Labor Code §§ 201 and 202 require Equinox to pay all wages

14   due to members of the class immediately upon discharge. California Labor Code § 203 provides that,

15   if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to

16   pay the subject employees' wages until the back wages are paid in full or an action is commenced,

17   for a period not to exceed 30 days of wages.

18         31.    Furthermore, despite its knowledge of the Representative Plaintiff's and the Class

19   Members' entitlement to pay for all work performed, Equinox violated California Labor Code §

20   1174(d) by failing to provide or require the use, maintenance or submission of time records by

21   members of the class that reflect all hours worked thereby.

22         32.    Finally, Equinox failed to provide Representative Plaintiff and members of the class

23   with accurate semi-monthly itemized wage statements of the total number of hours worked by each,

24   and all applicable hourly rates in effect during the pay period, in violation of California Labor Code

25   § 226. In so doing, Defendant has not only failed to pay its workers the full amount of compensation

26   due, it has, until now, effectively shielded itself from its employees' scrutiny for its unlawful

27   conduct by concealing the magnitude (the full number of hours worked) and the financial impact of

28   its wrongdoing.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

33.     Representative Plaintiff and all persons similarly situated who comprise the class are entitled to unpaid compensation, yet, to date, have not received such compensation, despite the severance of their employment with Equinox.

34.     More than 30 days have passed since certain class members have left Equinox's employ.

35.     As a consequence of Equinox's willful conduct in not paying compensation for all hours worked, certain class members are entitled to 30 days wages as a penalty, pursuant to California Labor Code § 203, together with attorneys' fees and costs.

36.     As a direct and proximate result of Equinox's unlawful conduct, as set forth herein, Representative Plaintiff and members of the class identified herein have sustained damages, as described above, including loss of earnings for hours worked on behalf of Defendant, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and many class members herein are entitled to recover "waiting time" penalties/wages (pursuant to California Labor Code § 203) and penalties for failure to provide semi-monthly statements of hours worked and all applicable hourly rates (pursuant to California Labor Code § 226) in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members are entitled to recover attorneys' fees and costs, pursuant to the California Labor Code and/or California Civil Code § 1021.5, among other authorities.

**FIRST CAUSE OF ACTION**
**UNLAWFUL FAILURE TO PAY WAGES**

37.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

38.     During the Class Period, Representative Plaintiff and the Class Members frequently worked in excess of eight hours in a workday and/or forty hours in a workweek. The precise number of overtime hours will be proven at trial.

////

39.   During said time period, Equinox refused to compensate Representative Plaintiff and the Class Members for some and/or all of the wages (including overtime wages) earned, in violation of the applicable California Wage Order, Title 8 of the California Code of Regulations and the provisions of the California Labor Code.

40.   At all relevant times, Equinox was aware of, and was under a duty to comply with the wage and overtime provisions of the California Labor Code, including, but not limited to California Labor Code §§ 200, et seq., 510, 1194 and 1198.

41.   By refusing to properly compensate Representative Plaintiff and the Class Members for wages earned (either at these Class Members' regular rate of pay and/or at their applicable overtime rates) and/or at a level sufficient to satisfy California's minimum wage provisions, Equinox violated the California Labor Code, as well as Title 8 of the California Code of Regulations and the applicable IWC Wage Order.

42.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the Class Members have sustained damages, including loss of earnings for hours worked, including overtime hours worked, on behalf of Defendant, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

## SECOND CAUSE OF ACTION
### FAILURE TO REIMBURSE EXPENSES AND/OR PROHIBITED CASH BOND

43.   Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

44.   During the class period, Equinox required the Representative Plaintiff and members of the class to incur expenses related to the business operations of Defendant. These expenses include(d), without limitation, costs related to travel, continuing education and/or fitness certification, licenses, materials, and equipment used in Personal Training sessions.

45.   These expenditures were incurred in direct consequence of the discharge of the duties of Representative Plaintiff and members of the class, or of their obedience to the directions of the employer and have not yet been reimbursed by Defendant.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

46.    At all relevant times, Equinox was aware of and was under a duty to comply with various provisions of the California Labor Code, including, but not necessarily limited to §§ 406 and 2802(a).

47.    California Labor Code § 406 provides:

> Any property put up by an employee, or applicant as a part of the contract of employment, directly or indirectly, shall be deemed to be put up as a bond and is subject to the provisions of this article whether the property is put up on a note or as a loan or an investment and regardless of the wording of the agreement under which it is put up.

48.    California Labor Code § 2802(a) provides:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

49.    By requiring the Representative Plaintiff and members of the class to incur uncompensated expenses in direct consequence of the discharge of their duties, Representative Plaintiff and members of the class were forced and/or brought to contribute to the capital and expenses of Defendant's business which is legally a cash bond and which must be refunded by Defendant to each Class Member.

50.    California Labor Code § 2802 (b) and (c) provides for interest at the statutory post judgment rate of ten percent simple interest per annum from the date of the expenditure, plus attorneys' fees to collect reimbursement.

51.    Therefore, Representative Plaintiff demands reimbursement for expenditures or losses incurred by himself and other members of the class in direct consequence of the discharge of his or their duties, or of his or their obedience to the directions of the employer, plus return of all cash bonds or other coerced investments in the business of Defendant, with interest, at the statutory rate, plus attorneys' fees.

///

///

////

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL (510) 891-9800

**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

52.   Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

53.   California Labor Code § 226(a) provides:

> Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions; provided, that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

54.   The IWC Wage Orders also establish this requirement in § 7(B) thereof (8 Cal. Code Regs. § 11010, *et seq.*).

55.   Moreover, California Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

56.   Finally, California Labor Code § 1174 provides:

> Every person employing labor in this state shall: (d) Keep, at a central location in the state...payroll records showing the hours worked daily by and the wages paid to...employees.... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

57.   Representative Plaintiff seeks to recover actual damages, costs and attorneys' fees under these provisions on behalf of himself and the class.

58.   Equinox failed to provide timely, accurate itemized wage statements to Representative Plaintiff and the class in accordance with Labor Code § 226(a) and the applicable IWC Wage Order. None of the statements provided by Defendant have accurately and/or

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WACHOVIA TOWER
OAKLAND, CA 94612
TEL (510) 891-9800

1    completely reflected actual gross wages earned, net wages earned, or the appropriate deductions of

2    such Class Members.

3        59.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein,

4    Representative Plaintiff and the Class Members have sustained damages in an amount to be

5    established at trial, and are entitled to recover attorneys' fees and costs of suit.

6

7                              **FOURTH CAUSE OF ACTION**

8                    **FAILURE TO PAY WAGES ON TERMINATION**

9        60.    Representative Plaintiff incorporates in this cause of action each and every allegation

10   of the preceding paragraphs, with the same force and effect as though fully set forth herein.

11       61.    California Labor Code § 203 provides that:

12            If an employer willfully fails to pay, without abatement or reduction, in
              accordance with Sections 201, 201.5, 202, and 205.5, any wages of an
13            employee who is discharged or who quits, the wages of the employee shall
              continue as a penalty from the due date thereof at the same rate until paid or
14            until an action therefor is commenced; but the wages shall not continue for
              more than 30 days.
15

16       62.    Representative Plaintiff and numerous Class Members were employed by Equinox

17   during the Class Period, employment which was thereafter voluntarily or involuntarily severed, yet

18   were not paid all wages due immediately upon the involuntary termination or within seventy-two

19   hours of the voluntary termination of their respective employment positions with Defendant. Said

20   non-payment and/or untimely payment was the direct and proximate result of a willful refusal to do

21   so by Equinox.

22       63.    More than thirty days has elapsed since Representative Plaintiff and these particular

23   Class Members were terminated and/or resigned from Defendant's employ.

24       64.    As a direct and proximate result of Defendant's willful conduct in failing to pay said

25   Class Members for all hours worked, Representative Plaintiff and certain Class Members are entitled

26   to recover "waiting time" penalties of thirty days' wages, pursuant to California Labor Code § 203,

27   in an amount to be established at trial, together with attorneys' fees and costs.

28   ///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WACHOVIA TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

## FIFTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES

65.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

66.     Representative Plaintiff further brings this cause of action seeking equitable and statutory relief to stop the misconduct of Equinox, as complained of herein, and to seek restitution from Defendant of amounts acquired through the unfair, unlawful, deceitful and fraudulent business practices described herein.

67.     The knowing conduct of Defendant, as alleged herein, constituted and continues to constitute an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200, *et seq*. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

68.     Defendant's knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to Defendant's competitors, engenders an unfair competitive advantage for Defendant, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§ 17200-17208.

69.     Equinox has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiff and the class herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne by responsible competitors of Defendant and as set forth in legislation and the judicial record.

## RELIEF SOUGHT

**WHEREFORE, the Representative Plaintiff,** on behalf of himself and the **Plaintiff Class,** prays for judgment and the following specific relief against **Defendant**, as follows:

1.     That the Court declare, adjudge and decree that this action is a proper class action and certify the proposed class under Code of Civil Procedure § 382;

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    2.    That the Court declare, adjudge and decree that Defendant violated the wage and

2    overtime provisions of the California Labor Code and the applicable California Industrial Welfare

3    Commission Wage Order as to the Representative Plaintiff and the Plaintiff Class, as applicable;

4    3.    That the Court declare, adjudge and decree that Defendant willfully violated its legal

5    duties to pay wages, including overtime wages and/or the applicable minimum wage, under the

6    California Labor Code and the applicable California IWC Wage Order;

7    4.    That the Court declare, adjudge and decree that Defendant violated California Labor

8    Code §§ 406 and 2802(a), *inter alia*, by willfully failing to reimburse the Representative Plaintiff

9    and Class Members for expenses made on behalf of Defendant;

10    5.    That the Court declare, adjudge and decree that Defendant violated the record keeping

11    provisions of California Labor Code §§ 226(a) and 1174(d) and section 7 of the applicable IWC

12    Wage Order as to Representative Plaintiff and members of the class, and willfully failed to provide

13    accurate semi-monthly itemized wage statements thereto;

14    6.    That the Court declare, adjudge and decree that Defendant violated California Labor

15    Code § 203 by willfully failing to pay all compensation owed at the time of the termination of the

16    employment of Representative Plaintiff and other terminated Class Members or within the

17    statutorily-permitted grace period for payment of said wages;

18    7.    That the Court declare, adjudge and decree that Defendant violated California

19    Business and Professions Code §§ 17200, *et seq.*, by failing to pay Representative Plaintiff and Class

20    Members all wages due, in a timely manner and/or by failing to provide Class Members with

21    accurate and complete itemized wage statements;

22    8.    That the Court make an award to Representative Plaintiff and the class of damages

23    and/or restitution for the amount of unpaid wages, including minimum wages and/or overtime

24    compensation, including interest thereon, and penalties in an amount to be proven at trial;

25    9.    That the Court make an award to the Representative Plaintiff and the class for

26    reimbursement of all employer related expenses incurred by said Class Members;

27    ///

28    ///

1        10.    That the Court order Defendant to pay restitution to Representative Plaintiff and the

2   class due to Defendant's unlawful activities, pursuant to California Business and Professions Code

3   §§ 17200-08;

4        11.    That the Court further enjoin Defendant, ordering it to cease and desist from unlawful

5   activities in violation of California Business and Professions Code §§ 17200, *et seq.*;

6        12.    For all other Orders, findings and determinations identified and sought in this

7   Complaint;

8        13.    For Interest on the amount of all economic losses, at the prevailing legal rate;

9        14.    For reasonable attorneys' fees, pursuant to California Labor Code § 1194 and/or

10  California Civil Code § 1021.5; and

11        15.    For costs of suit and any and all such other relief as the Court deems just and proper.

12

13

14  Dated: June 1, 2010                          **SCOTT COLE & ASSOCIATES, APC**

15

16                                      By:  _____

17                                           Matthew R. Bainer, Esq.
                                             Attorneys for the Representative Plaintiff
18                                           and the Plaintiff Class

19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

# EXHIBIT B

1    JOANNA L. BROOKS (SBN 182986)
     SUZANNA K. YEGHIAZARIANS (SBN 229155)
2    JACKSON LEWIS LLP
     199 Fremont Street, 10th Floor
3    San Francisco, CA 94105
     Telephone    415.394.9400
4    Facsimile:     415.394.9401
     Email: brooksj@jacksonlewis.com
5    Email: yeghiazarianss@jacksonlewis.com

6    Attorneys for Defendant
     THE EQUINOX GROUP, INC.

7

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

AUG 1 1 2010

CLERK OF THE COURT
BY: _____ WESLEY RAMIREZ
Deputy Clerk

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF SAN FRANCISCO

10

| | |
|---|---|
| 11   SEAN BARNES, individually, and on behalf of all others similarly situated, | Case No. CGC-10-500361 |
| 12 | **DEFENDANT THE EQUINOX GROUP, INC.'S ANSWER TO PLAINTIFF SEAN BARNES' COMPLAINT** |
| 13         Plaintiffs, <br> v. | |
| 14   THE EQUINOX GROUP, INC., and DOES 1 through 100, inclusive, | Complaint Filed:   March 23, 2009 |
| 15 | Trial Date:        None Set |
| 16        Defendants. | |

17

18      Defendant THE EQUINOX GROUP, INC. ("Defendant") hereby answers the unverified

19   Complaint ("Complaint") filed by Plaintiff SEAN BARNES ("Plaintiff") as follows:

20                       **GENERAL DENIAL**

21      Under the provisions of Section 431.30(d) of the Code of Civil Procedure, Defendant

22   generally and specifically denies each and every allegation contained in the unverified Complaint,

23   and each cause of action of said Complaint, and denies that Plaintiff was injured or damaged as

24   alleged, or at all.

25   ///

26   ///

27   ///

28   ///

1

1

## FIRST AFFIRMATIVE DEFENSE

2    1.    The Complaint as a whole, and each purported cause of action alleged therein, fails

3    to state facts sufficient to constitute a cause of action against Defendant upon which relief may be

4    granted.

5

## SECOND AFFIRMATIVE DEFENSE

6    2.    The Complaint as a whole, and each purported cause of action alleged therein, is

7    barred in whole or in part by the applicable statute of limitations, including but not limited to

8    Code of Civil Procedure Sections 338, 340 and California Business and Professions Code Section

9    17208.

10

## THIRD AFFIRMATIVE DEFENSE

11    3.    Plaintiff's claims are barred in whole or in part because Plaintiff failed to exhaust

12    administrative remedies under California Labor Code Sections 98-98.2.

13

## FOURTH AFFIRMATIVE DEFENSE

14    4.    Plaintiff's claims are barred, in whole or in part, and/or recovery is precluded

15    because Defendant's conduct was not willful.

16

## FIFTH AFFIRMATIVE DEFENSE

17    5.    Plaintiff's claim for waiting-time penalties under Labor Code Section 203 is

18    barred, in whole or in part, because Defendant's conduct was not willful.

19

## SIXTH AFFIRMATIVE DEFENSE

20    6.    The Complaint, and each purported cause of action alleged therein, fails to state a

21    cause or causes of action for attorneys' fees against Defendant.

22

## SEVENTH AFFIRMATIVE DEFENSE

23    7.    Without admitting the allegations of the Complaint, Defendant alleges Plaintiff's

24    claim for Unfair Business Practice is barred because the alleged practices are not unfair, the

25    public is not likely to be deceived by any alleged practices, Defendant gained no competitive

26    advantage by such practices, and the benefits of the alleged practices outweigh any harm or other

27    impact they may cause.

28    ///

2

1

**EIGHTH AFFIRMATIVE DEFENSE**

2      8.      Plaintiff's is not entitled to any equitable or injunctive relief as prayed for in the

3    Complaint because Plaintiff has suffered no irreparable injury based on any alleged conduct of

4    Defendant, and Plaintiff has an adequate remedy at law for any such conduct.

5

**NINTH AFFIRMATIVE DEFENSE**

6      9.      Plaintiff's monetary damage claims under California Business and Professions

7    Code Section 17200, *et seq*. are barred in their entirety by these very statutes and other legal

8    authority.

9

**TENTH AFFIRMATIVE DEFENSE**

10     10.     Plaintiff's claim is barred, in whole or in part, because Defendant's business

11    practices are and were not "unlawful" in that Defendant complied with all applicable statutes and

12    regulations in payment of wages to Plaintiff.

13

**ELEVENTH AFFIRMATIVE DEFENSE**

14     11.     Defendant is informed and believes and thereon alleges that any recovery on

15    Plaintiff's Complaint, or on each purported cause of action alleged therein, is barred by California

16    Labor Code Sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in

17    the performance of his duties and failed to comply substantially with the reasonable directions of

18    his employer.

19

**TWELFTH AFFIRMATIVE DEFENSE**

20     12.     Plaintiff's Complaint, and each purported cause of action therein, is barred by the

21    doctrines of laches, estoppel, waiver, and unclean hands.

22

**THIRTEENTH AFFIRMATIVE DEFENSE**

23     13.     Plaintiff has not and cannot satisfy the requirements of California Code of Civil

24    Procedure Section 382.

25

**FOURTEENTH AFFIRMATIVE DEFENSE**

26     14.     This case is not appropriate for class certification because Plaintiff is not able to

27    fairly and adequately protect the interests of all members of the putative class.

28    ///

DEFENDANT THE EQUINOX GROUP, INC.'S
ANSWER TO PLAINTIFF SEAN BARNES' COMPLAINT                    Case No. CGC-10-500361

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2      15.    This case is not appropriate for class certification because the liability issues raised

3   by the Complaint require a detailed, fact-specific and individualized inquiry that must be decided

4   employee-by-employee for each and every day and/or workweek to determine whether Plaintiff

5   or the putative class were not provided with all meal and rest breaks that they were entitled to,

6   were not properly paid for all hours worked, or were injured due to Defendant's alleged improper

7   issuance of wage statements.

8

## SIXTEENTH AFFIRMATIVE DEFENSE

9      16.    This case is not appropriate for class certification because Plaintiff's claims are not

10   typical of the claims of the alleged putative class, and Plaintiff is not an adequate representative

11   of the putative class members.

12

## SEVENTEENTH AFFIRMATIVE DEFENSE

13      17.    This case is not appropriate for class certification because the facts and law

14   common to the case are insignificant compared to the individual facts and issues particular to

15   Plaintiff and the alleged putative class members.

16

## EIGHTEENTH AFFIRMATIVE DEFENSE

17      18.    Plaintiff cannot establish and maintain a class action because conflicts of interest

18   exist among class members.

19

## NINETEENTH AFFIRMATIVE DEFENSE

20      19.    Plaintiff cannot establish and maintain a class action because a problem of

21   manageability would be created by reason of the complexity and/or proliferation of issues in this

22   case.

23

## TWENTIETH AFFIRMATIVE DEFENSE

24      20.    Plaintiff cannot establish and maintain a class action because the class members'

25   proposed geographic area makes adjudicating this controversy as a class action prohibitive.

26

## TWENTY-FIRST AFFIRMATIVE DEFENSE

27      21.    Plaintiff cannot establish and maintain a class action because the potential class

28   members have strong individual interests in controlling their action.

4

1

### TWENTY-SECOND AFFIRMATIVE DEFENSE

2          22.     Plaintiff cannot establish and maintain a class action because the size of the

3    individual claims of the potential class members is sufficiently large to enable and motivate them

4    to sue on their own or to intervene.

5

### TWENTY-THIRD AFFIRMATIVE DEFENSE

6          23.     This case is not appropriate for class certification because far speedier

7    administrative remedies before the California State Labor Commissioner and Labor Workforce

8    Development Agency are available to Plaintiff and each alleged putative class member, and thus

9    class treatment is not the superior method for resolving the alleged claims of unpaid overtime and

10   other compensation.

11

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

12         24.     Defendant is entitled to a set-off for amounts Plaintiff owes Defendant for receipt

13   of any wages and other benefits to which he was not entitled and/or did not earn.

14

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

15         25.     Although Defendant denies that it has committed or has responsibility for any act

16   that could support the recovery against Defendant in this lawsuit, if any, to the extent any such act

17   is found, such recovery against Defendant is unconstitutional under numerous provisions of the

18   United States Constitution and the California Constitution, including the Excessive Fines Clause

19   of the Eighth Amendment, the Due Process clauses of the Fifth Amendment and Section 1 of the

20   Fourteenth Amendment and other provisions of the United States Constitution, and the Excessive

21   Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I and other

22   provisions of the California Constitution.

23

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

24         26.     Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous,

25   unfounded and unreasonable action and, Defendant is thereby entitled to an award of reasonable

26   attorneys' fees and costs pursuant to California Labor Code Section 218.5 and California Code of

27   Civil Procedure Section 1021.5 upon judgment thereon in its favor.

28   ///

DEFENDANT THE EQUINOX GROUP, INC.'S
ANSWER TO PLAINTIFF SEAN BARNES' COMPLAINT          Case No. CGC-10-500361

1

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

2          27.     Defendant alleges that the claims alleged in Plaintiff's Complaint, or some of

3    them, are barred because the operative Industrial Welfare Commission Wage Order is invalid or

4    unenforceable under applicable law.

5

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

6          28.     Defendant alleges that, even assuming *arguendo* Plaintiff and/or putative class

7    members were not provided with a proper itemized statement of wages and deductions, Plaintiff

8    and the putative class members are not entitled to recover damages because Defendant's alleged

9    failure to comply with California Labor Code Section 226(a) was not a "knowing and intentional

10   failure" under California Labor Code Section 226(e).

11

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

12         29.     Defendant alleges that, even assuming *arguendo* Plaintiff and/or putative class

13   members were not provided with a proper itemized statement of wages and deductions, Plaintiff

14   and the putative class members are not entitled to recover damages because they did not suffer

15   any injury.

16

**THIRTIETH AFFIRMATIVE DEFENSE**

17         30.     Defendant alleges that, to the extent that Plaintiff seeks to recover waiting time

18   and other statutory penalties, Plaintiff has failed to state a claim for such penalty because even

19   assuming, *arguendo*, that Plaintiff is entitled to additional compensation, Defendant has not

20   willfully or intentionally failed to pay any such additional compensation to Plaintiff and he never

21   made a demand for such additional compensation.

22

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

23         31.     Defendant alleges that the Complaint does not describe the claims or facts being

24   alleged with sufficient particularity to permit Defendant to ascertain what other defenses may

25   exist.  Defendant will rely on any and all further defenses that become available or appear during

26   discovery in this action and specifically reserves the right to amend this Answer for purposes of

27   asserting such additional affirmative defenses.

28   ///

6

DEFENDANT THE EQUINOX GROUP, INC.'S
ANSWER TO PLAINTIFF SEAN BARNES' COMPLAINT          Case No. CGC-10-500361

1   **WHEREFORE**, Defendant prays for judgment as follows:

2       1.   That Plaintiff takes nothing by his Complaint;

3       2.   That the Complaint be dismissed in its entirety with prejudice;

4       3.   That Plaintiff be denied each and every demand and prayer for relief contained in

5           the Complaint;

6       4.   For cost of suits incurred herein, including reasonable attorneys' fees; and

7       5.   For such other and further relief as the Court deems just and equitable.

8   Dated:  August 11, 2010

9                                   JACKSON LEWIS LLP

10

11              By:   _JoAnna L. Brooks_

                JoAnna L. Brooks

12              Suzanna K. Yeghiazarians

                Attorneys for Defendant

13              THE EQUINOX GROUP, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT THE EQUINOX GROUP, INC.'S
ANSWER TO PLAINTIFF SEAN BARNES' COMPLAINT          Case No. CGC-10-500361

1

## PROOF OF SERVICE

2       I, Belinda Vega, declare that I am employed with the law firm of Jackson Lewis LLP,

3  whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4  age of eighteen (18) years and am not a party to this action.

5       On August 11, 2010, I served the attached **DEFENDANT THE EQUINOX GROUP,**

6  **INC.'S ANSWER TO PLAINTIFF SEAN BARNES' COMPLAINT** in this action by placing

7  a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

8  Matthew R. Bainer, Esq.                          Attorneys for Plaintiffs
   Molly A. Kuehn, Esq.
9  SCOTT COLE & ASSOCIATES, APC          SEAN BARNES, individually, and on behalf of
   1970 Broadway, Ninth Floor                    all others similarly situated
10 Oakland, CA  94612
   Tel.:   (510) 891-9800
11 Fax:   (510) 891-7030

12 [X]   **BY MAIL**:  United States Postal Service by placing sealed envelopes with the postage
           thereon fully prepaid, placed for collection and mailing on this date, following ordinary
13         business practices, in the United States mail at San Francisco, California.

14 [ ]   BY HAND DELIVERY:  I caused such envelope to be delivered by Messenger Service to
           the above address.

15 [ ]   BY OVERNIGHT DELIVERY:  I caused such envelope to be delivered to the above
16         address within 24 hours by OVERNIGHT EXPRESS service.

17       I declare under penalty of perjury under the laws of the State of California that the above

18 is true and correct; executed on August 11, 2010 at San Francisco, California.

19

20                                                  _Belinda Vega_____
                                                         Belinda Vega
21 4842-1602-6887, v. 1

22

23

24

25

26

27

28

PROOF OF SERVICE                                              Case No. CGC-10-500361

# EXHIBIT C

1  JOANNA L. BROOKS (SBN 182986)
   SUZANNA K. YEGHIAZARIANS (SBN 229155)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, CA 94105
   Telephone     415.394.9400
4  Facsimile:    415.394.9401
   Email: brooksj@jacksonlewis.com
5  Email: yeghiazarianss@jacksonlewis.com

6  Attorneys for Defendant
   THE EQUINOX GROUP, INC.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10

11 SEAN BARNES, individually, and on behalf of        Case No. CGC-10-500361
   all others similarly situated,
12                                                     **DEFENDANT'S NOTICE TO STATE
                                                       COURT AND TO ADVERSE PARTIES
13                  Plaintiffs,                         OF FILING OF NOTICE OF REMOVAL
                                                       OF ACTION TO FEDERAL COURT**
14         v.
                                                       Complaint Filed:    June 1, 2010
15 THE EQUINOX GROUP, INC., and DOES 1                 Trial Date:         None Set
   through 100, inclusive,
16
                   Defendants.
17

18

19 **TO THE HONORABLE CLERK OF THE SUPERIOR COURT OF THE STATE OF**

20 **CALIFORNIA, COUNTY OF SAN FRANCISCO, AND TO PLAINTIFF SEAN BARNES**

21 **AND HIS ATTORNEYS OF RECORDS:**

22         PLEASE TAKE NOTICE that on August 13, 2010, Defendant THE EQUINOX GROUP,

23 INC. filed in the United States District Court for the Northern District of California a Notice of

24 Removal of Civil Action to Federal Court under 28 U.S.C. §§ 1332, 1441 and 1446 (CAFA

25 Diversity), Case No. _____.  A true and correct conformed copy of the Notice of

26 Removal is attached hereto as **Exhibit "A."**

27 ///

28 ///

                                          1

1       Pursuant to 28 U.S.C Section 1446(d), the filing of the Notice of Removal in the federal

2   district court, together with the filing of a copy of the Notice of Removal with this Court, effect

3   the removal of this action, and this Court may proceed no further unless and until the case is

4   remanded.

5   Dated:  August 13, 2010                                      JACKSON LEWIS LLP

6

7                                     By:  _____

8                                           JoAnna L. Brooks

9                                           Suzanna K. Yeghiazarians
                                                                      Attorneys for Defendant
                                                                      THE EQUINOX GROUP, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFT'S NOT. TO STATE CT. TO ADV. PARTIES OF FILING
OF NOTICE OF REMOVAL OF ACTION TO FEDERAL CT.                    Case No. CGC-10-500361