UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

SEAN BARNES, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

EQUINOX GROUP, INC.,

Defendant.
_____/

No. C 10-03586 LB

**ORDER GRANTING DEFENDANT'S MOTION TO STAY [ECF No. 15]**

## I. BACKGROUND

On June 1, 2010, Plaintiff Sean Barnes filed this putative class action against Defendant Equinox Group, Inc. in San Francisco Superior Court. *See* Exh. A to Notice of Removal, ECF No. 1 at 8. On August 12, 2010, Plaintiff filed his First Amended Complaint, asserting claims on behalf of himself and the putative class against Defendant for: (1) failure to pay wages; (2) failure to reimburse expenses and/or prohibited cash bond; (3) failure to provide accurate itemized wage statements; (4) failure to pay wages on termination; (5) unfair business practices; and (6) failure to pay minimum wage. *See* ECF No. 29, Exh. A. On August 13, 2010, Defendant removed the lawsuit to this Court on the basis of federal jurisdiction under 28 U.S.C. § 1332(a) and (d). *See* ECF No. 1 at 1-2. Concurrent with its removal of the lawsuit, Defendant filed a Notice of Pendency of Other Actions, wherein Defendant identified a matter pending in the United States District Court for the Central District of California captioned, *Tamara Evans, on behalf of herself , and all others similarly*

*situated, and the aggrieved employees under the Labor Code Private Attorney General Action of 2004 v. Equinox Holdings, Inc., et al.*, Case No. CV 10-5961 GHK (JCx) (the "*Evans* action"), that Defendant contends involves many of the same claims alleged in this lawsuit and substantially all of the same parties. *See* ECF No. 4 at 1-2 & Ex. B (*Evans* Complaint).

Subsequently, on October 19, 2010, the defendants in the *Evans* action filed a motion before the Judicial Panel on Multidistrict Litigation pursuant to 28 U.S.C. § 1407, requesting that the Panel transfer the *Barnes* action to the District Court for the Central District of California and consolidate it with the *Evans* action. ECF Nos. 9, 10, 11, 12. To date, the MDL Panel has not issued its ruling on the motion to transfer and consolidate.

Thereafter, on November 11, 2010, Defendant filed the instant motion, requesting that the Court stay this lawsuit pending the outcome of the motion to transfer before the MDL Panel. Motion, ECF No. 15. Because a stay of this action is in the best interest of judicial economy and the parties, the Court **GRANTS** Defendant's Motion to Stay.

## II. DISCUSSION

In its Motion, Defendant advances three bases in support of its request to stay this action. The Court will address each argument in turn.

**A. Likelihood of Transfer**

Defendant first argues that the Court should stay this action because Defendant anticipates that the MDL Panel will grant the pending motion to transfer this case to the Central District of California. Motion, ECF No. 15 at 5. In support, Defendant argues that there are now two cases pending in the District Court for the Central District of California, which Defendant contends involve substantially the same parties and underlying claims as those being litigated in this action. Specifically, Defendant points to the *Evans* action and a second lawsuit captioned *Gregory Wilkins v. Equinox Holdings, Inc. et al.*, Case No CV 10-8638 GAF (VBKx), which the defendants in that action removed from Los Angeles Superior Court to the Central District on November 12, 2010 (the "*Wilkins* action"). *Id*. at 3-4. According to Defendant, because of the overlapping legal issues and parties, transfer or coordination of the actions by the MDL Panel is "highly likely." *Id.* at 5. Plaintiff, however, counters that transfer is unlikely because the *Barnes* action was filed before

either the *Evans* or *Wilkins* actions. Opposition, ECF No. 24 at 2-3. While the Court appreciates the parties' respective positions regarding the motion to transfer, this Court declines to wade into the merits of the pending motion. Whether transfer and consolidation is warranted is a matter for the MDL Panel to determine. The Court therefore turns to the parties' remaining arguments.

**B. Judicial Economy and Prejudice to the Parties**

Alternatively, Defendant urges the Court to stay this action because the stay furthers judicial economy and will not result in any prejudice to the parties. Motion, ECF No. 15 at 6-9. "The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court lies within [the] Court's discretion." *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (finding that the power to grant a temporary stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998). To determine whether it should exercise its discretion to stay a case, the district court considers: (1) whether staying the action serves judicial economy; and (2) the potential prejudice to the parties. *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007).

**1. Judicial Economy**

With respect to the first factor, Defendant contends that a stay of this action is in the interest of judicial economy. Motion, ECF No. 15 at 6-8. It argues that because the *Barnes*, *Evans*, and *Wilkins* cases involve common factual issues and legal theories and the same parties, allowing this case to proceed will result in duplicate work by the courts and the parties if the MDL Panel grants the motion to transfer. *Id*. In particular, Defendant proffers that "[i]f a stay is not issued, the Court likely will end up expending time and effort in conducting case management conferences, addressing discovery/disclosure issues, and making rulings on various pretrial matters that likely would be re-assessed after coordination." *Id*. at 8.

In his Opposition, Plaintiff does not dispute the commonality of parties and issues among the three actions. Opposition, ECF No. 24 at 3-4. However, Plaintiff argues that if the Court stays this

1  action, it will effectively be "ceding" its jurisdiction to the MDL Panel. *Id*. at 3. From Plaintiff's
2  perspective, because the cases involve common claims and parties, any effort that the Court and the
3  parties expend in this action will carry over to the other actions, irrespective of which district court
4  ultimately presides over the cases. *Id*.

5  The Court has carefully considered the parties' arguments and agrees with Defendant. As the
6  parties themselves recognize, the claims at issue in this action are at least similar if not the same as
7  those pending in *Evans* and *Wilkins* and involve essentially the same putative class. As a result,
8  proceeding to the initial case management conference where this Court will set discovery,
9  alternative dispute resolution, class certification, and dispositive motion deadlines, as well as a trial
10 date, is not the most efficient use of judicial resources or the parties' time and money given the
11 potential that those dates may ultimately be vacated and re-set by the transferee court if the MDL
12 Panel grants the motion to transfer. *See Camara v. Bayer Corp.*, No. C 09-6084 WHA, 2010 WL
13 902780, at *2 (N.D. Cal. Mar. 9, 2010) (granting motion to stay pending MDL Panel ruling and
14 declining to rule on motion to remand because "doing so would unnecessarily duplicate work and
15 could lead to inconsistent results."). Moreover, even if the MDL Panel denies the motion and the
16 cases proceed before their respective district courts, that, too, is a factor that would affect the
17 deadlines set in this action as discovery deadlines and trial dates in the other actions may either
18 expedite or delay those set in this case. Further, on December 14, 2010, Judge King, who is
19 presiding over the *Evans* action, granted the defendants' motion to stay that case. *See* ECF No. 38 in
20 CV 10-5961-GHK. In the minute entry order, Judge King opined, "It would needlessly expend
21 judicial resources to proceed with this action given the pending motion to transfer before the Panel
22 on Multidistrict Litigation." *Id*. This Court shares Judge King's view.

23 In sum, staying the instant action will avoid unnecessary expenditure of time and resources,
24 potential duplication of efforts, and will allow the Court and the parties to make an informed
25 assessment of the proper timeline for managing this case once the MDL Panel resolves the parties'
26 dispute over the appropriate venue for the case.

27 **2. Prejudice to the Parties**
28 Next, the Court must evaluate the potential prejudice to the non-moving party if the Court grants

the stay, and the potential prejudice to the moving party if the Court denies its request for a stay. *See Rivers*, 980 F. Supp. at 1360.  In its Motion, Defendant contends that if the Court does not stay the case and the MDL Panel ultimately grants its request to transfer this action, it will incur unnecessary costs associated with duplicate pre-trial conferences, disclosures, discovery, and motions.  Motion, ECF No. 15 at 8.  Plaintiff, on the other hand, argues that the transferee court would have to honor any rulings in this case so any motions and discovery undertaken in this action would not be duplicative.  Opposition, ECF No. 24 at 4.  Plaintiff further argues that staying this action is contrary to the public's interest in promptly resolving disputes.  *Id*. at 3.

The Court has considered the parties' arguments and agrees with Defendant.  Although Plaintiff contends that staying this action will unreasonably delay the adjudication of this case, Plaintiff has not shown that temporarily staying this action will result in the loss of evidence or otherwise jeopardize his (or the putative class') ability to litigate his claims.  While Plaintiff contends that any efforts expended on discovery or motions in this case will be equally useful in the other actions if the MDL Panel rules in his favor, Plaintiff overlooks the fact that if the MDL Panel grants the defendant's motion, the time and money expended on preparation for and participating in the initial case management conference will be wasted.  Moreover, if the MDL Panel transfers and consolidates the cases, the parties will be in a position to coordinate the discovery involved in each of the cases, thereby reducing the costs for both parties.  Thus, the Court finds that the potential prejudice to the parties of expending unnecessary time and costs weighs in favor of staying the case until the MDL Panel issues its decision.

Taken together, the Court finds that Defendant has sufficiently demonstrated that temporarily staying this action pending the MDL Panel's ruling on the motion to transfer promotes judicial economy, will not unduly prejudice Plaintiff, and will avoid prejudice to both parties stemming from potentially duplicative efforts.  Accordingly, the Court **GRANTS** Defendant's Motion to Stay.

### III.  CONCLUSION

For the reasons sets forth above, the Court **GRANTS**  Defendant's Motion to Stay.  ECF No. 15. This action is **HEREBY STAYED** until the MDL Panel issues its order on the pending motion to transfer.

C 10-03586 (Order on Motion to Stay)
5

1   The Court **FURTHER ORDERS** that the parties shall file a joint status report 30 days after the date of this Order detailing the status of the motion before the MDL Panel, and every 30 days thereafter until the MDL Panel issues its decision.

Finally, because the Court finds that this matter is suitable for decision without oral argument, the Court **VACATES** the hearing set for January 6, 2011, *see* Civil L.R. 7-1(b), and **VACATES** the case management conference set for February 10, 2011.

**IT IS SO ORDERED.**

Dated: December 30, 2010

_____
LAUREL BEELER
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

C 10-03586 (Order on Motion to Stay)

6