JOANNA L. BROOKS (SBN 182986)
SUZANNA K. YEGHIAZARIANS (SBN 229155)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA  94105
Telephone      415.394.9400
Facsimile:      415.394.9401
Email:          brooksj@jacksonlewis.com
                yeghiazarianss@jacksonlewis.com

Attorneys for Defendant
THE EQUINOX GROUP, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN BARNES, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE EQUINOX GROUP, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  CV-10-03586 LB<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS** |

Defendant the Equinox Group, Inc. ("Defendant") and Plaintiff Sean Barnes ("Plaintiff") ("collectively referred to here as "the Parties") stipulate and agree to the following:

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that

1

this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.    DEFINITIONS

2.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material:    all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items:  information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under federal or state law, including information the Producing Party may contend contains confidential business or technical information, proprietary information, trade secrets, or other information considered by the Producing Party in good faith to be confidential.

2.4    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5    Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6.    Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7    Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential."

2.8.    Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9    House Counsel:  attorneys who are employees of a Party.

2.10    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

1    3.    SCOPE

2        The protections conferred by this Stipulation and Order cover not only Protected Material

3    (as defined above), but also any information copied or extracted therefrom, as well as all copies,

4    excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

5    parties or counsel to or in court or in other settings that might reveal Protected Material.

6    4.    DURATION

7        Even after the termination of this litigation, the confidentiality obligations imposed by this

8    Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

9    otherwise directs.  In addition, the Parties agree to be bound by this agreement pending approval

10   of the court.

11   5.    DESIGNATING PROTECTED MATERIAL

12       5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party

13   or non-party who designates information or items for protection under this Order must take care

14   to limit any such designation to specific material that qualifies under the appropriate standards.  A

15   Designating Party must take care to designate for protection only those parts of material,

16   documents, items, or oral or written communications that qualify — so that other portions of the

17   material, documents, items, or communications for which protection is not warranted are not

18   included within this Order.

19       Mass, indiscriminate, or routine designations are prohibited.  Designations that are shown

20   to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily

21   encumber or retard the case development process, or to impose unnecessary expenses and

22   burdens on other parties), expose the Designating Party to sanctions.

23       If it comes to a Party's or a non-party's attention that information or items that it

24   designated for protection do not qualify for protection, that Party or non-party must promptly

25   notify all other parties that it is withdrawing the mistaken designation.

26       5.2    Manner and Timing of Designations. Except as otherwise provided in this Order

27   (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

28   material that qualifies for protection under this Order must be so designated before the material is

3

1    disclosed or produced.

2         Designation in conformity with this Order requires:

3              (a)    For information in documentary form (apart from transcripts of depositions

4    or other pretrial or trial proceedings), that the Producing Party affix the legend

5    "CONFIDENTIAL" on the face of each page that contains protected material. If only a portion

6    or portions of the material on a page qualifies for protection, the Producing Party also must

7    clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and

8    must specify, for each portion, that the information is "CONFIDENTIAL."

9              (b)    For testimony given in deposition or in other pretrial or trial proceedings,

10   that the Party or non-party offering or sponsoring the testimony identify on the record, before the

11   close of the deposition, hearing, or other proceeding, all protected testimony.    When it is

12   impractical to identify separately each portion of testimony that is entitled to protection, and when

13   it appears that substantial portions of the testimony may qualify for protection, the Party or non-

14   party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition

15   or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the

16   testimony as to which protection is sought.    Only those portions of the testimony that are

17   appropriately designated for protection within the 20 days shall be covered by the provisions of

18   this Stipulated Protective Order.

19         Transcript pages containing Protected Material must be separately bound by the court

20   reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as

21   instructed by the Party or non-party offering or sponsoring the witness or presenting the

22   testimony.

23              (c)    For information produced in some form other than documentary, and for

24   any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

25   container or containers in which the information or item is stored the legend "CONFIDENTIAL."

26   If only portions of the information or item warrant protection, the Producing Party, to the extent

27   practicable, shall identify the protected portions as "Confidential."

28   / / /

                                        4

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to do so promptly after the original designation is disclosed.

6.2     Meet and Confer. A Party who elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first.

6.3     Judicial Intervention.    A Party who wishes to challenge a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet-and-confer dialogue.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS                Case No. CV-10-03586 LB

1   The burden of persuasion in any such challenge proceeding shall be on the Designating

2   Party. Until the court rules on the challenge, all parties shall continue to afford the material in

3   question the level of protection to which it is entitled under the Producing Party's designation.

4   7.      ACCESS TO AND USE OF PROTECTED MATERIAL

5       7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or

6   produced by another Party or by a non-party in connection with this case only for prosecuting,

7   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only

8   to the categories of persons and under the conditions described in this Order. When the litigation

9   has been terminated, a Receiving Party must comply with the provisions of section 11, below

10  (FINAL DISPOSITION).

11      Protected Material must be stored and maintained by a Receiving Party at a location and

12  in a secure manner that ensures that access is limited to the persons authorized under this Order.

13      7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

14  by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

15  information or item designated CONFIDENTIAL only to:

16          (a)    the Receiving Party's Outside Counsel of record in this action, as well as

17  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

18  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

19  hereto as Exhibit A;

20          (b)    the Court and its personnel;

21          (c)    court reporters, their staffs, and professional vendors to whom disclosure is

22  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

23  Protective Order" (Exhibit A);

24          (d)    during their depositions, witnesses in the action to whom disclosure is

25  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

26  (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

27  Protected Material must be separately bound by the court reporter and may not be disclosed to

28  anyone except as permitted under this Stipulated Protective Order.

6

1            (e)     the author of the document or the original source of the information.

2  8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

3      LITIGATION.

4        If a Receiving Party is served with a subpoena or an order issued in other litigation that

5  would compel disclosure of any information or items designated in this action as

6  "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax,

7  if possible) immediately and in no event more than three (3) court days after receiving the

8  subpoena or order. Such notification must include a copy of the subpoena or court order.

9        The Receiving Party also must immediately inform in writing the Party who caused the

10  subpoena or order to issue in the other litigation that some or all the material covered by the

11  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

12  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

13  caused the subpoena or order to issue.

14        The purpose of imposing these duties is to alert the interested parties to the existence of

15  this Protective Order and to afford the Designating Party in this case an opportunity to try to

16  protect its confidentiality interests in the court from which the subpoena or order issued.  The

17  Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

18  confidential material — and nothing in these provisions should be construed as authorizing or

19  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

20  9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

21        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

22  Material to any person or in any circumstance not authorized under this Stipulated Protective

23  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

24  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

25  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

26  this Order, and (d) request such person or persons to execute the "Acknowledgment and

27  Agreement to Be Bound" that is attached hereto as Exhibit A.

28  / / /

7

1    10.    FILING PROTECTED MATERIAL.

2          Without written permission from the Designating Party or a court order secured after

3    appropriate notice to all interested persons, a Party may not file in the public record in this action

4    any Protected Material.  A Party who seeks to file under seal any Protected Material must comply

5    with Civil Local Rule 79-5.

6    11.    FINAL DISPOSITION.

7          Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60)

8    days after the final termination of this action, each Receiving Party must return or destroy all

9    Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material"

10   includes all copies, abstracts, compilations, summaries or any other form of reproducing or

11   capturing any of the Protected Material.  The Receiving Party must submit a written certification

12   to the Producing Party (and, if not the same person or entity, to the Designating Party) by the

13   sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material

14   that was returned or destroyed and that affirms that the Receiving Party has not retained any

15   copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the

16   Protected Material.  Notwithstanding this provision, the Parties are entitled to retain an archival

17   copy of the case file even if such materials contain Protected Material.  Any such archival copies

18   that contain or constitute Protected Material remain subject to this Protective Order as set forth in

19   Section 4 (DURATION), above.

20   12.    MISCELLANEOUS

21          12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to

22   seek its modification by the Court in the future.

23          12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective

24   Order no Party waives any right it otherwise would have to object to disclosing or producing any

25   information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

26   no Party waives any right to object on any ground to use in evidence of any of the material

27   covered by this Protective Order.

28   / / /

8

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS                    Case No. CV-10-03586 LB

Respectfully submitted,

Dated: April __, 2011

**SCOTT COLE & ASSOCIATES, APC**

By:   /s/Molly A. DeSario
      Molly A. DeSario, Esq.
      Attorneys for the Representative Plaintiff
      and the Plaintiff Class

Dated: April __, 2011

**JACKSON LEWIS LLP**

By:   /s/ JoAnna L. Brooks
      JoAnna L. Brooks
      Attorneys for Defendant
      The Equinox Group, Inc.

9

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Sean Barnes vs. The Equinox Group, Inc., et al.* I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity, except in compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

10

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS                Case No. CV-10-03586 LB

1            Based upon the foregoing Stipulation and good cause appearing,

2

3    **IT IS SO ORDERED.**

4

5    DATED:    May 6, 2011

6                   LAUREL BEELER

               Judge Laurel Beeler

7                   United States Magistrate Judge

8

9    4815-8206-1576, v. 2

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS          Case No. CV-10-03586 LB