UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| SEAN BARNES, individually, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>    v.<br><br>EQUINOX GROUP, and DOES 1 through 100, inclusive,<br><br>        Defendants.<br>_____/ | No. C 10-03586 LB<br><br>**ORDER SETTING HEARING ON DISCOVERY LETTERS**<br><br>[ECF Nos. 52 and 53] |

On October 21, 2011, Plaintiff Sean Barnes and Defendant Equinox Group filed two discovery letters in which one party disputes the adequacy of the other party's responses to certain discovery requests. ECF Nos. 52, 53.[1] The parties requested a hearing before the court. ECF No. 52 at 5. The court sets a hearing for November 21, 2011 at 2:00 p.m. subject to the following guidance and directions.

In putative class actions such as this, "courts often bifurcate discovery, as to first determine whether class certification is proper before addressing the merits of the dispute." *Kastroll v Wynn Resorts, Ltd.,* No. 2:09-cv-02034 LDG-LRL, 2011 WL 4916623, at * 3 (D. Nev. Oct. 17, 2011). For example, "the disclosure of names, addresses, and telephone numbers is a common practice" at the precertification stage, subject to a protective order or an opt-out notice. *Artis v. Deere & Co.,*

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

No. C 10-5289 WHA (MEJ), 2011 WL 2580621, at *2 (N.D. Cal. June 29, 2011) ; *see Currie-White v. Blockbuster, Inc.,* 2010 WL 1526314, at *2 (N.D. Cal. Apr. 15, 2010); *see also Babbit v. Albertson's Inc.,* 1992 WL 605652, at *6 (N.D. Cal. Nov. 30, 1992) (defendant employer ordered to provide names, addresses, telephone numbers, and social security numbers for all past and present employees at pre-certification stage); *Putnum v. Eli Lilly & Co.,* 508 F.Supp.2d 812, 814 (C.D. Cal. 2007) (ordering defendant to produce names, addresses, and telephone numbers of putative class members, subject to a protective order).

However, as the commentary to Rule 23 states, "discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial," and that, "in this sense[,] it is appropriate to conduct discovery into the 'merits,' limited to those aspects relevant to making the certification decision on an informed basis." Fed. R. Civ. P. 23, cmt. (c)(1)(A), 2003 Amendments.

Discovery at the precertification stage can include documents relevant to class certification - e.g., the number of class members, existence of common questions, typicality of claims, or adequacy of representation, s*ee Oppenheimer Fun, Inc. v. Sanders,* 437 U.S. 340, 351 fn. 13 (1978), as well as issues relating to damages, which is important to allow the parties to consider settlement even at the certification stage. The court's view is that at this stage there should be an informal exchange of information regarding damages to that end. *See* Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 10-C, ¶ 10:757. Here, some of the parties' requests are related directly to the merits - e.g., requests for witness statements - and thus may be premature. Alternatively, some of the parties' requests might be relevant to class certification or damages - e.g., employees' contact information and hours worked - and thus may be discoverable at this stage.

The court now specifically addresses the disputes related to Plaintiff's request for the class members' contact information, including the name, address, telephone number and email addresses. *See* Special Interrogatory Nos. 2, 3. As stated above, courts have held that discovery of the identity of putative class members is appropriate at the pre-certification stage, with an opt-out notice or a protective order. *See Artis*, 2011 WL 2568021, at *5 (holding plaintiff entitled to contact information of putative class members for plaintiff to substantiate class allegations and meet Rule 23

requirements with protective order). Similarly, the court finds that the putative class members' privacy interests are adequately protected by the protective order in this case.

With this guidance in mind, the parties shall meet and confer at the courthouse from 11:00 a.m. to 2:00 p.m. The parties should arrive at the judge's chambers by 11:00 a.m. at which time the court will provide the exact location for the meet-and-confer session. The court thereafter will have an on-the-record discovery conference with the parties. The court expects that counsel will meet for the full three hours before the conference. Counsel should feel free to bring food and/or drink and may provide a copy of this order to the court security officer at the security checkpoint as authorization to bring them into the building.

The parties shall notify the court if they resolve their dispute before the hearing.

**IT IS SO ORDERED.**

Dated: November 14, 2011

LAUREL BEELER
United States Magistrate Judge