UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| SEAN BARNES, individually, and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br>      v.<br><br>EQUINOX GROUP, and DOES 1 through 100, inclusive,<br><br>           Defendants.<br>_____/ | No. C 10-03586 LB<br><br>**ORDER RE 10/21/2011 DISCOVERY LETTERS**<br><br>[ECF Nos. 52 and 53] |

On October 21, 2011, Plaintiff Sean Barnes and Defendant Equinox Group filed two discovery letters in which one party disputes the adequacy of the other party's responses to certain discovery requests. ECF Nos. 52, 53.[1] The parties requested a hearing before the court. ECF No. 52 at 5. The parties met and conferred prior to the hearing, resolving certain issues. Several issues remained which were discussed at the hearing. For the reasons put on the record at the hearing, the court now **ORDERS** the following:

1. With regard to Defendant's Request for Production Nos. 12, 20, and 46, Plaintiff shall produce the facts contained within the requested documents as well as the identities of the putative class members and percipient witnesses who provided those facts subject to the protective order;

2. With regard to Defendant's Request for Production Nos. 13-19, Plaintiff shall produce documents responsive to the request as modified to call for documents "relating to" instead

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

of "supporting" Plaintiff's allegations that this matter is appropriate for class certification;

3. With regard to Plaintiff's Special Interrogatories Nos. 2 and 3, Defendant shall produce the putative class members' full name, home address, home telephone numbers, and home email addresses (if readily available from Defendant's databases) subject to the protective order but Defendants may, at their own expense, provide *Pioneer* opt-out notice to the putative class members;

4. With regard to Plaintiff's Special Interrogatory No. 9, Defendant shall produce the names, positions, and locations of the supervisors;

5. With regard to Plaintiff's Request For Production Nos. 17 and 18, Defendant shall produce unredacted material to Plaintiff's counsel pursuant to a protective order for the previously redacted information;

6. With regard to Plaintiff's Request For Production Nos. 11, 12, 36, 38, 39, 40, 41, 42, 43, and 49, the parties shall meet and confer to determine an appropriate sampling mechanism (potentially a random sampling of 20% of the putative class, which was estimated at 1,300 individuals spread across 33 locations in California);

7. With regard to Plaintiff's Request For Production Nos. 13, 59, and 60, Defendant shall contact Human Resources to determine whether any claims for compensation for work performed "off the clock" or for selling Defendant's products were submitted, and Defendant shall produce any responsive material;

8. With regard to the requested site inspections, the parties shall arrange for site visits during which Plaintiff may take photographs or videos outside of business hours.

The parties shall have three weeks to comply with this order with the exception of the sampling described above at item 6. If further disputes related to these items arise, the parties shall comply with this court's discovery dispute procedures.

**IT IS SO ORDERED.**

Dated: November 22, 2011

_____
LAUREL BEELER
United States Magistrate Judge

C 10-03586 LB
ORDER RE 10/21/2011 DISCOVERY LETTERS       2