UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| SEAN BARNES, individually, and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>EQUINOX GROUP, and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendants.<br>_____/ | No. C 10-03586 LB<br><br>**ORDER RE 12/22/2011 DISCOVERY LETTERS**<br><br>[ECF No. 63] |

On December 22, 2011, Plaintiff Sean Barnes and Defendant Equinox Group filed a joint discovery letter in which the parties dispute whether Plaintiff may use the class list before a *Pioneer* notice process is completed. 12/22/2011 Joint Discovery Letter, ECF No. 63 at 1.[1]  The parties requested a teleconference before the court. *Id.*  The court conducted a telephone conference on January 13, 2012.

Defendant claims that the court ordered Plaintiff not to use the class list until after the *Pioneer* notice process had been completed. 12/22/2011 Joint Discovery Letter, ECF No. 63 at 2.

Plaintiff claims that the court ruled that Defendant must produce the class list by 12/13/2011 subject to a protective order but that Plaintiff did not have to agree to or pay for a *Pioneer* notice process. *Id.*  Plaintiff states that it agreed, as a professional courtesy, not to contact those class

_____

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 10-03586 LB
ORDER RE 12/22/2011 DISCOVERY LETTER

1   members who opted out but did so only because of his understanding that the opt-out process would
2   happen soon after production of the list. *Id.* at 2-3.

3   While some courts have held that an opt-out procedure is required to adequately protect the
4   privacy interests of the putative class members, *see Pioneer Electronics (USA), Inc. V. Superior*
5   *Court,* 40 Cal. 4th 360, 370-371 (2007)*; Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal.
6   App. 4th 554, 561 (2007), other courts have only required a protective order. *See*
7   *Currie-White v. Blockbuster, Inc.*, No. C 09-2593 MMC (MEJ), 2010 WL 1526314, at *4 (N.D. Cal.
8   April 15, 2010) (holding that a protective over is sufficient to address the privacy issues regarding
9   employer's disclosure of employees' contact information in pre-certification discovery); *Artis v.*
10  *Deere & Co.*, No. C 10-5289 WHA (MEJ), 2011 WL 2580621, at *4-5 (N.D. Cal. June 29, 2011)
11  (holding that Plaintiffs had a right to discovery of putative class members' contact information with a
12  protective order in place).

13  At the initial hearing, the court stated that it would order the list disclosed pursuant to a
14  protective order. The court also observed that the parties seemed to have agreed to a modified
15  *Pioneer* process and ordered that *if* the parties implemented this process than Defendant would bear
16  the cost.

17  The order stated, "With regard to Plaintiff's Special Interrogatories Nos. 2 and 3, Defendant
18  shall produce the putative class members' full name, home address, home telephone numbers, and
19  home email addresses (if readily available from Defendant's databases) subject to the protective
20  order but Defendants may, at their own expense, provide *Pioneer* opt-out notice to the putative class
21  members." Order, ECF No. 60 at 2.

22  To resolve the current dispute and any lingering ambiguity, the court **ORDERS** that Plaintiff
23  may use the list subject to the terms of the protective order but Plaintiff must abide by the wishes of
24  any individual who informs either Plaintiff or Defendant that the individual does not wish to be
25  contacted by Plaintiff.

26  **IT IS SO ORDERED.**
27  Dated: January 13, 2012

28  _____
    LAUREL BEELER
    United States Magistrate Judge