# UNITED STATES DISTRICT COURT

## Northern District of California

### Oakland Division

| | |
|---|---|
| SEAN BARNES, individually, and on behalf of all others similarly situated, | No. C 10-03586 LB |
| Plaintiffs, | **ORDER RE UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| v. | |
| EQUINOX GROUP, and DOES 1 through 100, inclusive, | [ECF No. 72] |
| Defendants. | |

On February 15, 2012, Plaintiff Sean Barnes filed an *ex parte* application for leave to file a second amended complaint. ECF No. 72 at 1. Plaintiff contends that good cause exists to grant the *ex parte* application because the proposed amendments will affect the Rule 30(b)(6) witness deposition currently scheduled for February 28, 2012 and that Plaintiff will be prejudiced if he cannot examine the witness on topics related to the proposed meal and rest period claims. *Id.* at 2. Defendant Equinox Group did not agree to stipulate to the filing of an amended complaint but stated that it would not object to or oppose the application. DeSario Decl., ECF no. 72-1 at 2, ¶ 5.

Civil Local Rule 7-10 requires any *ex parte* motion to include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought. N.D. Cal. Civ. L.R. 7-10. Plaintiff did not comply with this requirement.

But the court will treat its motion as both a motion for leave to file a second amended complaint and a motion to shorten time. Given Defendant's apparent position that it does not intend to object

to or oppose the application, the court sets an abbreviated briefing schedule as described below. Defendant shall file either an opposition brief or statement of non-opposition no later than Tuesday, February 21, 2012. Plaintiff's reply (if necessary) is due on Wednesday, February 22, 2012. Electronic copies of these papers shall be emailed to lbpo@cand.uscorts.gov by 5:00 p.m. on the due date. If a hearing is warranted, the court will address the issue at the case management conference currently scheduled for 10:30 a.m. on Thursday, February 23, 2012.

The court makes two additional observations. First, pursuant to Federal Rule of Civil Procedure 30, a deponent may be instructed not to answer "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Accordingly, the court is not convinced that the application for leave to file a second amended complaint is as time-sensitive as Plaintiff suggests. Second, Plaintiff's substantive arguments discuss the standard for amendments provided by Federal Rule of Civil Procedure 15(a). But motions to amend the pleadings filed after the date set in the court's scheduling order—in this case, June 2, 2011— must satisfy the more stringent "good cause" showing required under Rule 16. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609.

**IT IS SO ORDERED.**

Dated: February 17, 2012

_____
LAUREL BEELER
United States Magistrate Judge