UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| SEAN BARNES, individually, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>   v.<br>EQUINOX GROUP, and DOES 1 through 100, inclusive,<br><br>        Defendants.<br>_____/ | No. C 10-03586 LB<br><br>**ORDER RE 6/4/2012 DISCOVERY LETTERS**<br><br>[ECF No. 103] |

On June 4, 2012, Plaintiff Sean Barnes and Defendant Equinox Group ("Equinox") filed a joint discovery letter in which the parties dispute whether the court should grant Equinox's request for leave to exceed the 10-deposition limit set forth in Federal Rule of Civil Procedure 30 and whether the court should compel Barnes to respond to Equinox's 62nd Request for Production. 6/4/2012 Joint Discovery Letter. Before submitting their joint letter brief to the court, the parties met and conferred in person on May 14, 2012, as required by the court's standing orders. The court held a telephonic hearing on the matter on June 14, 2012 at 11:00 a.m.

**A. Discovery Issue 1: Additional Depositions**

The parties first dispute whether Equinox should be permitted to depose nine of the putative class members who submitted declarations to Plaintiffs' Motion for Class Certification, in addition to the ten depositions permitted under Fed. R. Civ. P. 30(a)(2), for a total of nineteen depositions.

6/4/2012 Discovery Letter at 1. Equinox has already deposed Plaintiffs Sean Barnes and Carl Dwyer, Plaintiffs' Expert Miles Locker, and six declarants (two of whom Barnes did not rely upon in his Motion for Class Certification). At the time the parties filed their letter, another deposition was scheduled for June 5, 2012.

**1. The Parties' Positions**

Equinox argues that it needs to depose more of the 20 putative class members whose declarations Barnes submitted in support of his Motion for Class Certification and claims that none of the 20 putative class members were previously disclosed as witnesses. *Id.* at 2. Courts in this district have recognized that putative class action matters can be sufficiently complex to warrant more than ten depositions. *Id.* (citing *AuthenTec. Inc. v. Atrua Techs*, 2008 U.S. Dist. LEXIS 101573 (N.D. Cal. Dec. 4, 2008) and *Del Campo v. Am. Corrective Counseling Servs., Inc.*, 2007 U.S. Dist. LEXIS 87150 (N.D. Cal. Nov. 5, 2007)).

Furthermore, Equinox cannot independently contact the declarants because all but three of them are represented by Plaintiffs' counsel, and it cannot issue interrogatories to them because they are non-parties. In order to minimize costs, Equinox previously offered to limit its additional depositions to individuals who reside in California. Finally, Equinox argues that, should the court deny its request for additional depositions, its deposition of Plaintiffs' expert should not be considered as one of the ten depositions permitted under Rule 30(a)(2)(A)(1).

In response, Barnes contends that he should not have to bear the costs and burden associated with defending nine unnecessary depositions. ECF No. 105 at 3. Barnes argues that Equinox does not need to depose these witnesses for a number of reasons. *Id.* First, Equinox has access to its own witnesses and records to dispute the declarants' testimony. *Id.* Second, Equinox can contact those declarants who have not retained independent counsel. *Id.* Third, Equinox may rely on the deposition testimony it obtained in related state court suits. *Id.* Fourth, Equinox could issue interrogatories to absent class members. *Id.* Finally, Barnes argues that Equinox's expert depositions should be considered one of the ten depositions permitted under Rule 30(a)(2)(A)(1).

**2. Legal Standards**

Parties are entitled to obtain discovery of matters "relevant to the claim of defense of any party."

Fed. R. Civ. P. 26(b)(1). Under Federal Rule of Civil Procedure 30(a)(2)(A)(I), parties are limited to 10 depositions, unless they stipulate otherwise or obtain leave of court. When a party seeks leave to take additional depositions, the court "must grant leave to the extent consistent with Rule 26(b)(2)." That Rule requires the court to consider:

- Whether the discovery sought is unreasonably cumulative or duplicative;
- Whether it could be obtained from another source that is more convenient, less burdensome, or less expensive;
- Whether the party seeking discovery has had ample opportunity to obtain the information; and
- Whether the burden or expense of the proposed discovery outweighs its likely benefit taking into account the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2). The court will address each factor in turn.

### 3. Discussion

As a threshold matter, the court finds that by relying on these declarants, Barnes effectively concedes that their testimony is relevant to its Motion for Class Certification. Thus, the court will address each of the Rule 26(B)(2) factors in turn. First, the court finds that additional depositions are not unreasonably cumulative or duplicative. To be sure, deposing nine more declarants is likely to be *somewhat* duplicative and cumulative. The court does not, however, consider Equinox's request to be *unreasonably* so because Barnes decided that such a large number of declarations were sufficiently important to submit in support of his Motion for Class Certification.

Second, the court finds that the discovery could not be obtained from another source that is more convenient, less burdensome, or less expensive. The court rejects Barnes's argument that Equinox can obtain the same information from its files. As the second issue in the parties' current discovery letter shows, there may be relevant information that is specific to each putative class member that Equinox cannot otherwise access.

Third, Equinox has not had ample opportunity to obtain this information because the importance of these putative class members was not revealed to Equinox until Barnes filed his Motion for Class

Certification.

Finally, the burden or expense of conducting nine full-day depositions does seem disproportionate to the court, particularly where the depositions are likely to be somewhat duplicative. Given the fact that the declarations are fairly short and cover similar subject matter, the court finds that full-day depositions are not likely necessary.

Accordingly, the court **GRANTS** Equinox's request for additional depositions. Equinox may depose nine of the declarants to Plaintiffs' Motion for Class Certification that it has not previously deposed and who reside in California. Equinox will have 35 hours of deposition time in which to depose all 9 declarants. Equinox may allocate this time between declarants as it sees fit, though Equinox may not spend more than 7 hours deposing any declarant. Unless both parties agree otherwise, the depositions will take place on business days between the hours of 9 a.m. and 6 p.m. The court expects the parties to work together to schedule the depositions efficiently.

**B. Discovery Issue 2: Equinox's Request for Production 62**

The parties' second dispute concerns whether Barnes must supplement its responses to Equinox's Request for Production 62, which seeks information regarding representative Plaintiff Barnes's side business training Equinox members.

Equinox's Request for Production No. 62 seeks:

> Any and all DOCUMENTS (including emails) RELATING to or REFLECTING any payment received by YOU from any current, former or potential client or member of DEFENDANT from June 1, 2006 to the present that was not entered into DEFENDANT's E-time or E-Club System.

*Id.* at 4. Barnes has refused to produce e-mails or other documents responsive to this request. *Id.* at 4-5.

Equinox argues that this document request seeks information related to Barnes's alleged side business training Equinox members in his spare time, while he was also an Equinox employee. *Id.* at 5. Equinox points out that during his deposition, Barnes was not able to distinguish between the time he spent training Equinox members as part of his side business and the time he spent allegedly working off the clock for Equinox. *Id.* Equinox argues that this information is relevant to its opposition to Plaintiffs' Motion for Class Certification because it shows that Barnes is not an

adequate class representative, as well as to damages. *Id.*

In response, Barnes argues that e-mails and correspondence with Barnes's clients are irrelevant either to the issues presented in his Motion for Class Certification or to liability in general. *Id.* Barnes argues that any alleged "side business" cannot create a conflict of interest between himself and the class and, therefore, has no bearing on his adequacy as a class representative. *Id.* In addition, Barnes cites privacy concerns implicated by Equinox's request. *Id.* Barnes points out that his bank deposit slips and even records of his child support payments would be responsive to Equinox's request. *Id.* Barnes also points out that all correspondence on Barnes's personal computers is irretrievable because his "hard drive and/or equipment" is no longer functional and Equinox has "shown no basis to confiscate and search [his] hard drive and doing so would clearly violate his right to privacy." *Id.* Finally, Barnes concedes that the information may be relevant to damages, but that such discovery is premature at this stage of the case. *Id.*

Despite Plaintiffs' characterizations, the court finds that Equinox's request for production seeks relevant information. "[A] named plaintiff's motion for class certification should not be granted if there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (quotations omitted). Equinox is entitled to investigate the extent to which Barnes's alleged side business provides Equinox with defenses specific to Barnes's claims that would affect his ability to represent the class. This clearly is relevant to Equinox's Opposition to Barnes's Motion for Class Certification.

Nor is the court persuaded by Barnes's claim that privacy considerations outweigh Equinox's need for the requested discovery. Barnes seeks certification as an adequate class representative. Where, as here, there is a suitable protective order, Barnes's privacy interests are negligible. *See* ECF No. 42.

To the extent, Barnes's bank records are responsive, the burden of production is minimal compared with its importance to Equinox. Equinox could use the financial information to calculate the amount of time that Barnes spent in private training sessions. Accordingly, the court ORDERS Barnes to produce financial information in his possession, custody, or control that is non-privileged

and responsive to Equinox's request. Barnes may redact non-responsive private information from the documents it produces.

The burdens may differ with regard to Barnes's allegedly non-functional computer. The court agrees that information contained on Barnes's computer could be relevant to Equinox's argument that he is an inadequate class representative. Still, based on Plaintiffs' representations that Barnes's computer is non-functional, the burden of recovering relevant, responsive information is high. Accordingly, the court will permit Equinox to obtain discovery from Barnes's non-functioning computer if Equinox agrees to pay the cost of employing a third-party vendor of Equinox's choosing to extract the information. The vendor will provide any information obtained to Plaintiffs' counsel, who will then review and produce responsive, non-privileged documents to Equinox. Finally, to the extent that Barnes has within his possession, custody, or control additional non-privileged documents responsive to this request the court ORDERS that Barnes produce them to Equinox. Barnes will complete production of all documents within the scope of this order as early as possible, but not later than Monday, June 25, 2012 at noon, PDT, unless the parties stipulate otherwise.

This disposes of ECF No. 103.

**IT IS SO ORDERED.**

Dated: June 14, 2012

_____
LAUREL BEELER
United States Magistrate Judge