UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| SEAN BARNES, individually, and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br>    v.<br>EQUINOX GROUP, and DOES 1 through 100, inclusive,<br><br>               Defendants.<br>_____/ | No. C 10-03586 LB<br><br>**ORDER RE 7/16/2012 DISCOVERY LETTERS**<br><br>[ECF No. 123] |

On June 14, 2012, the undersigned held that Barnes must produce certain information related to his side business training Equinox members in his spare time while he also was an Equinox employee. Order, ECF No. 106 at 5. Part of that production was about information that might be on Barnes's non-functional computer. Based on the burdens, and with the parties' agreement, the court ordered Equinox to pay for the third-party vendor to extract information. Plaintiff's counsel was to review the information and produce responsive, non-privileged documents to Equinox.

The vendor extracted active data and said it would take several hours longer to retrieve deleted data. Letter, ECF No. 123 at 1. Now, in the parties' latest discovery letter, Equinox says that given the volume of deleted data and Barnes's claim that the hard drive crashed, it wants to analyze the hard drive for evidence of tampering. *Id.* at 2. Barnes objects. *Id.* Following a telephonic hearing on July 25, 2012, the court rules as follows.

C 10-03586 LB
ORDER

In its prior order, the court authorized retrieval of data. Given that Equinox is paying for it and Barnes is reviewing it for privilege, the court sees no harm in having Equinox pay for the deleted data recovery too. The court might not go that route under normal circumstances given the concerns about proportionality and expense under Rule 26, but here, Barnes does not have to pay for it. If Equinox really wants it, then Equinox can pay for it, knowing that Barnes may review it first.

Evidence of tampering is not what the court had in mind when it issued its order. The court does not authorize an analysis on this record.

This disposes of ECF No. 123.

**IT IS SO ORDERED.**

Dated: July 25, 2012

_____
LAUREL BEELER
United States Magistrate Judge