1  Scott Edward Cole, Esq. (SB #160744)
   Matthew R. Bainer, Esq. (SB #220972)
2  Molly A. DeSario, Esq. (SB #230763)
   **SCOTT COLE & ASSOCIATES, APC**
3  1970 Broadway, Ninth Floor
   Oakland, California 94612
4  Telephone: (510) 891-9800
   Facsimile: (510) 891-7030
5  Email: scole@scalaw.com
   Email: mbainer@scalaw.com
6  Email: mdesario@scalaw.com
   Web:   www.scalaw.com
7
   Attorneys for Representative Plaintiffs
8  and the Plaintiff Class

9              **UNITED STATES DISTRICT COURT**

10           **NORTHERN DISTRICT OF CALIFORNIA**

11

12  SEAN BARNES and CARL DWYER          )  **Case No. CV 10-03586 LB**
    individually, and on behalf of all others )
13  similarly situated,                 )  **CLASS ACTION**
                                        )
14              Plaintiffs,             )  **PLAINTIFFS' NOTICE OF MOTION AND**
                                        )  **MOTION FOR PRELIMINARY APPROVAL**
15  vs.                                 )  **OF CLASS ACTION SETTLEMENT;**
                                        )  **MEMORANDUM OF POINTS AND**
16  THE EQUINOX GROUP, INC.,            )  **AUTHORITIES**
    and DOES 1 through 100, inclusive,  )
17                                      )
                Defendants.             )  **Date:        April 18, 2013**
18                                      )  **Time:        11:00 a.m.**
                                        )  **Courtroom:   C – 15th Floor**
19  _____ )  **Judge:       Hon. Laurel Beeler**

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

## NOTICE OF MOTION

**TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:**

**NOTICE IS HEREBY GIVEN** that on April 18, 2013 at 11:00 a.m., or as soon thereafter as the matter may be heard in Courtroom C, Fifteenth Floor, of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Laurel Beeler, Plaintiffs Sean Barnes and Carl Dwyer will, and hereby do, move the Court for an Order:

1. Granting preliminary approval of the parties' proposed class action settlement agreement;

2. Granting conditional certification of the proposed Settlement Class;

3. Appointing Scott Cole & Associates, APC as Class Counsel;

4. Appointing Plaintiffs Sean Barnes and Carl Dwyer as Class Representatives;

5. Appointing CPT Group, Inc. as the Claims Administrator;

6. Approving the Class Notice Packet and authorizing dissemination thereof to the Class; and

7. Setting the timeline for settlement administration and the date for the Final Approval Hearing.

This motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Molly A. DeSario, Esq. and exhibits thereto, the arguments of counsel, and all other pertinent records contained in the Court's files.

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................1

II. RELEVANT PROCEDURAL HISTORY AND SETTLEMENT NEGOTIATIONS .......1

III. SUMMARY OF SETTLEMENT ...........................................................................4

    A. PROPOSED CLASS ACTION SETTLEMENT.......................................4

    B. PROPOSED SEQUENCE OF EVENTS UNDER THE SETTLEMENT .............5

IV. CERTIFICATION OF PLAINTIFFS' CLAIMS ON A CLASS WIDE BASIS IS APPROPRIATE UNDER RULE 23 ........................................................................7

    A. A DISTRICT COURT MAY CERTIFY A CLASS IF IT MEETS THE REQUIREMENTS OF RULE 23(a) AND RULE 23(b)......................................7

    B. THE SETTLEMENT CLASS MEETS ALL FOUR REQUIREMENTS OF RULE 23(a)........................................................................................8

        1. The Settlement Class Satisfies the Numerosity Element...........................8

        2. The Settlement Class Satisfies the Commonality Element...........................8

        3. The Settlement Class Satisfies the Typicality Element. ............................11

        4. Plaintiffs and their Counsel Satisfy the Adequacy Element. ....................12

    C. THE PROPOSED SETTLEMENT CLASS ALSO MEETS THE REQUIREMENTS OF RULE 23(b)(3)................................................................12

V. PLAINTIFFS' COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL ..........13

VI. PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND COSTS IS REASONABLE ...................................................................................................15

    A. SCA'S FEE REQUEST IS REASONABLE UNDER THE PERCENTAGE-OF-FUND CALCULATION METHOD................................................16

    B. SCA'S FEE REQUEST IS REASONABLE UNDER THE LODESTAR METHOD ...........................................................................................16

        1. The Results Achieved ..............................................16

        2. The Contingent Nature of the Case........................................17

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Notice of Motion and Motion for Preliminary Settlement Approval; Memorandum of Points and Authorities

3.    The Preclusion of Other Employment .......................................17

4.    The Experience, Reputation and Ability of Counsel, and the Skill
      They Displayed in the Litigation ..............................................18

C.    SCA'S COSTS ARE REASONABLE AND WERE INCURRED TO
      BENEFIT THE CLASS ................................................................18

VII.  THE PROPOSED SETTLEMENT SHOULD BE GRANTED PRELIMINARY
      APPROVAL ......................................................................................19

A.    THE RISKS, COMPLEXITY, EXPENSE, AND LIKELY DURATION OF
      FURTHER LITIGATION ALL SUPPORT APPROVAL ..................20

B.    THE WORK PERFORMED BY COUNSEL SUPPORTS APPROVAL OF
      THE SETTLEMENT WHICH WAS A PRODUCT OF ARMS-LENGTH
      NEGOTIATIONS AND RESULTS IN REASONABLE COMPENSATION
      TO CLASS MEMBERS ................................................................21

C.    THE PAYMENT TO THE NAMED PLAINTIFFS FOR THEIR SERVICE
      TO THE CLASS IS REASONABLE AND ROUTINELY AWARDED ............22

VIII. THE PROPOSED CLASS NOTICE AND CLAIMS PROCESS SATISFY DUE
      PROCESS .........................................................................................24

A.    THE CLASS NOTICE SATISFIES DUE PROCESS AND MEETS ALL OF
      THE ELEMENTS OF RULE 23(c)(2)(B) ......................................24

B.    THE NOTICE PLAN AND CLAIMS PROCESS SATISFY DUE PROCESS
      BECAUSE THEY ARE CALCULATED TO GIVE ALL SETTLEMENT
      CLASS MEMBERS NOTICE ........................................................25

IX.   CONCLUSION ...................................................................................25

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1997)..................................................................................7

*Arnold v. United Artists Theatre Circuit, Inc.,*
158 F.R.D. 439 (N.D.Cal. 1994);.............................................................8

*Baby Neal for and by Kanter v. Casey,*
43 F.3d 48 (3d. Cir. 1994) ....................................................................8, 9

*Blackie v. Barrack,*
524 F.2d 891 (9th Cir. 1975) ..................................................................13

*California Rural Legal Assistance v. Legal Services Co.,*
917 F.2d 1171 (9th Cir. 1990)................................................................12

*Cf. Torrisi v. Tucson Elec. Power Co.,*
8 F.3d 1370 (9th Cir. 1993) ....................................................................25

*Class Plaintiffs v. City of Seattle,*
955 F.2d, 1276 (9th Cir. 1992) ...............................................................19

*Cook v. Niedert,*
142 F.3d 1004 (7th Cir. 1998) ................................................................23

*Cornn/Despres v. United Parcel Service, Inc. et al.,*
Case No. 3:03-cv-02001 TEH (N.D. Cal. 2007 ......................................15

*Day v. NLO,*
851 F. Supp. 869 (S.D. Ohio 1994) ...................................................7, 12

*Dunk  v. Ford Motor Co.,*
48 Cal. App. 4th 1794 (1996) ..........................................................16, 20

*Ferguson v. Lieff, Cabraser, Heimann & Bernstein,*
30 Cal. 4th 1037 (2003) ..........................................................................20

*Franklin v. Kaypro Corp.,*
884 F.2d 1222 (9th Cir. 1989) ................................................................20

*General Tel. Co. of Southwest v. Falcon,*
457 U.S. 147 n.13 (1982).........................................................................11

*General Tel. Co. v. EEOC,*
446 U.S. 318 (1980)..................................................................................8

*German v. Fed. Home Loan Mortg. Corp.,*
885 F. Supp. 537 (S.D.N.Y. 1995) ...........................................................8

*Girsh v. Jepson,*
521 F.2d 153 (1975).................................................................................20

*Graciano v. Robinson Ford Sales, Inc.,*
144 Cal. App. 4th 140 (2006) .................................................................17

SCOTT COLE & ASSOCIATES, APC

*Gutierrez v. Kovacevich "5" Farms,*
  2004 U.S. Dist. LEXIS 29476 (E.D. Cal. 2004) ............................................................ 9

*Haley v. Medtronic, Inc.,*
  169 F.R.D. 643 (C.D. Cal. 1996) ................................................................................ 8

*Hammon v. Berry,*
  752 F. Supp. 108 (D.D.C.1990) .................................................................................. 20

*Hanlon v. Chrysler Corp.,*
  150 F.3d 1011 (9th Cir. 1998)…………..…………………………………………… *passim*

*In re General Motors Corp. Pick-up Truck Fuel Tank Products Liability Litig.,*
  55 F.3d 768 (3rd Cir. 1995) ........................................................................................ 21

*In re Jiffy Lube Securities Litigation,*
  927 F.3d 155 (4th Cir. 1991). ..................................................................................... 19

*In re Mego Financial Corp. Securities Litig.,*
  213 F.3d 454 (9th Cir. 2000) ...................................................................................... 19

*In re Michael Milken & Assocs. Sec. Litig.,*
  150 F.R.D. 57 (S.D.N.Y. 1993) ................................................................................... 24

*In re Omnivision Techs.,*
  559 F. Supp. 2d 1036 (N.D. Cal. 2007) .............................................................. 16, 17

*In Re S. Ohio Correctional Facility,*
  175 F.R.D. 270 (S.D. Ohio 1997)) .............................................................................. 22

*In re Traffic Exec. Ass'n,*
  627 F.2d 631 (2d Cir. 1980) ....................................................................................... 19

*Ingram v. The Coca-Cola Co.,*
  200 F.R.D. 685 (N.D. Ga. 2001) ................................................................................ 22

*Ketchum v. Moses,*
  24 Cal. 4th 1122 (2001) .............................................................................................. 17

*Kullar v. Foot Locker Retail, Inc.,*
  168 Cal. App. 4th 116 (2008) ..................................................................................... 20

*Kurihara v. Best Buy Co., Inc.,*
  Case No. C 06-01884 MHP (N.D. Cal. 2007) ........................................................... 15

*Local Joint Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.l,*
  244 F.3d 1152 (9th Cir. 2001) .................................................................................... 12

*Mallick v. Superior Court,*
  89 Cal. App. 3d 434 (1979) ........................................................................................ 19

*Mendoza v. United States,*
  623 F.2d 1338 (9th Cir. 1980) .................................................................................... 24

*Morelock Enterprises, Inc. v. Weyerhaeuser Co.,*
  2004 U.S. Dist. LEXIS 28270 (D. Or. 2004) ............................................................. 14

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

*Potter v. Pacific Coast Lumber Company,*
    37 Cal. 2d 592 (1951) ................................................................................................ 19

*Salton Bay Marina, Inc. v. Imperial Irrigation Dist.,*
    172 Cal. App. 3d 914 (1985) ...................................................................................... 17

*See Glendora Cmty. Redevelopment Agency v. Demeter,*
    155 Cal. App. 3d 465 (Cal. App. 2d Dist. 1984) ....................................................... 17

*Singer v. Becton & Dickinson & Co.,*
    2010 U.S. Dist. LEXIS 53416 (S.D. Cal. June 1, 2010)............................................. 23

*Slaven v. BP Am., Inc.,*
    190 F.R.D. 649 (C.D. Cal. 2000) ................................................................................. 8

*Staton v. Boeing Co.,*
    327 F.3d 938 (9th Cir. Wash 2003) ....................................................................... 8, 11

*Steinberg v. Carey,*
    470 F. Supp. 471 (S.D.N.Y. 1979) ............................................................................ 20

*Thieriot v. Celtic Ins. Co.,*
    2011 U.S. Dist. LEXIS 44852 (N.D. Cal. Apr. 21, 2011) ......................................... 23

*Tierno v. Rite-Aid Corp.,*
    2006 U.S. Dist. LEXIS 17194 (N.D. Cal. 2006) ......................................................... 9

*Torres v. ABC Security,*
    Case No. RG 04158744 (Alameda Superior Ct. 2006)............................................... 15

*Van Bronkhorst v. Safeco Corp.,*
    529 F.2d 943 (9th Cir. 1976) ...................................................................................... 19

*Van Vraken v. Atlantic Richfield Co.,*
    901 F. Supp. 294 (N.D. Cal. 1995) ............................................................................ 23

*Wershba v. Apple Computer, Inc.,*
    91 Cal. App. 4th 224 (2001) ....................................................................................... 19

*Whiteway v. FedEx Kinkos Office & Print Servs., Inc.,*
    2007 U.S. Dist. LEXIS 95398 (N.D. Cal. Dec. 17, 2007)......................................... 23

*Young v. Katz,*
    447 F.2d 431 (5th Cir. 1971) ...................................................................................... 20

**Federal Statutes**

28 U.S.C.A. § 1453 ........................................................................................................... 23

Fed. R. Civ. P. Rule 23. ............................................................................................. *passim*

Fed. R. Civ. P. 54 .............................................................................................................. 23


**Code of Civil**

Cal. Civ. Proc. Code §384 ................................................................................................. 6

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

**Labor Code**

Cal. Lab. Code § 2802 ........................................................................................... 11

California Labor Code §§ 400-410 ............................................................................ 8


**IWC Wage Orders**

IWC Wage Order 2-2001 §9 ..................................................................................... 11

**Treatises & Secondary Resources**

1 *Alba Conte*, Attorney Fee Awards § 2:08 ............................................................ 18

**Newberg**

1 *Newberg* § 3:5 ....................................................................................................... 8

4 Newberg § 11:25 .................................................................................................... 19

4 Newberg § 11:26 .................................................................................................... 19

4 Newberg § 11:41 .................................................................................................... 19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## I.  INTRODUCTION

By and through the instant Motion, Representative Plaintiffs Sean Barnes and Carl Dwyer ("Representative Plaintiffs" or "Plaintiffs") request that this Court enter an Order granting preliminary approval of the parties' proposed class action settlement agreement.[1]

All claims in this litigation, with the exception of the claim for failure to provide reimbursement for business expenses, have been released by settlement in the related state action *Evans v. Equinox,* Los Angeles County Superior Court, Case No. BC440058 (consolidated with BC447156). Now, the parties have agreed to resolve the Class Members' expense reimbursement claims for $150,000, which will cover the expense reimbursement claims of Class Members who submit Claim Forms, the cost of administering the Settlement, Enhancement Awards to the Representative Plaintiffs, and attorneys' fees and costs. The Settlement reflects a very good result for the Class given the risks associated with continued litigation and the scope of the damages associated with this claim. The Settlement satisfies all the criteria for preliminary settlement approval under the applicable federal rules and laws, and falls well within the range of what constitutes a reasonable compromise for claims of this nature and size. Accordingly, preliminary approval should be granted and the Court should authorize dissemination of notice to the proposed settlement class.

## II.  RELEVANT PROCEDURAL HISTORY AND SETTLEMENT NEGOTIATIONS

The present matter was initiated by Plaintiff Barnes on June 1, 2010 in San Francisco County Superior Court, Case No. CGC-10-500361.[2] Plaintiff alleged that Defendant has had a consistent policy of failing to pay him and other Personal Trainers employed by Defendant in California during the relevant statutory period ("Class Members") wages for all hours worked and failing to provide

---

[1] A true and correct copy of the parties' fully executed Settlement Agreement entitled "Stipulation and Agreement of Compromise and Settlement," ("Settlement") is attached as Exhibit "A" to the Declaration of Molly A. DeSario, Esq. in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("DeSario Decl."), filed concurrently herewith. Unless otherwise noted, all exhibits cited herein are attached to the DeSario Decl.
[2] DeSario Decl. ¶ 3.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

reimbursement for business expenses.[3] The basis for these claims is that Defendant's session rate compensation scheme only compensates Class Members for time spent actually teaching personal training sessions and fails to compensate them for time spent on a host of required pre- and post-session duties.[4] Furthermore, Plaintiffs allege that Defendant required Class Members to purchase a host of items as part of their job at Equinox, including music to create workout mixes, heart rate monitors, stopwatches, fitness equipment, cell phone and internet plans, and CPR and other fitness certifications.[5]

On August 13, 2010, Defendant removed the action to this Court pursuant to the Class Action Fairness Act of 2005.[6] On March 7, 2012, Plaintiff amended his complaint to add Carl Dwyer into the case as an additional class representative.[7] The operative Second Amended Complaint brings claims for: (1) unlawful failure to pay wages; (2) failure to provide reimbursement for business expenses; (3) failure to provide accurate itemized wage statements; (4) failure to pay wages on termination; (5) unfair business practices under Business & Professions Code sections 17200 *et seq.*; (6) failure to pay minimum wage; (7) a claim for penalties under the Labor Code Private Attorneys General Act ("PAGA"); and (8) failure to provide meal and rest periods.[8]

Shortly after this case was filed, a tag-along action was brought in Los Angeles Superior Court: *Evans v. Equinox,* Los Angeles County Superior Court Case No. BC440058 (consolidated with BC447156) ("*Evans*").[9] *Evans* brought essentially all the same claims as this action with the exception of the claim for failure to provide reimbursement for business expenses.[10]

After completing a contentious precertification discovery exchange, which involved multiple disputes requiring court intervention and an unsuccessful mediation session, the parties proceeded to

---

[3]  DeSario Decl. ¶ 4.
[4]  DeSario Decl. ¶ 5.
[5]  ██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
[7]  DeSario Decl. ¶ 7.
[8]  DeSario Decl. ¶ 8.
[9]  DeSario Decl. ¶ 9.
[10] DeSario Decl. ¶ 9.

Notice of Motion and Motion for Preliminary Settlement Approval; Memorandum of Points and Authorities

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    brief the class certification issue. By July 2012, Plaintiffs' certification motion was fully briefed.[11]

2    Shortly before the certification hearing,[12] Plaintiff's counsel, Scott Cole & Associates, APC ("SCA"

3    or "Class Counsel") learned that Defendant had secretly mediated with counsel for *Evans* before

4    Michael Loeb, Esq. and agreed to settle all the class claims in the *Evans* litigation (which did not

5    include a claim for unreimbursed business expenses) for $5.5 million.[13] SCA was then left to either

6    join the *Evans* settlement and seek attorneys' fees and enhancement awards or continue with its class

7    certification hearing, risking erosion of the *Evans* settlement.[14]

8         Despite certain misgivings, SCA decided to join the *Evans* settlement. The parties agreed to

9    return to mediation in an attempt to settle the expense reimbursement claims in conjunction with the

10   settlement of unpaid wage claims in *Evans*.[15] On August 16, 2012, the parties attended a second

11   mediation session before Mr. Loeb and, with his assistance, were able to come to agreement in

12   principle to settle the class' expense reimbursement claims for $150,000.[16] Nonetheless, the parties

13   only reached agreement as to the final settlement terms after several additional months of bilateral

14   negotiations, and by November 19, 2012, all named parties and their respective counsel had agreed

15   to its terms and executed the instant Settlement.[17]

16        Since the *Evans* settlement was granted final approval on March 15, 2013,[18] the only

17   remaining claims in this litigation are the expense reimbursement claims.[19] The instant proposed

18   Settlement presents a fair compromise of these claims. SCA is of the opinion that this Settlement is

19   well within the range of reasonableness and is in the best interest of the Class Members in light of all

20   known facts and circumstances, including the risk of significant delay, defenses asserted by

21   Defendant, and potential appellate issues.[20]

22

23   _____

24   [11]    DeSario Decl. ¶ 10.
     [12]    Plaintiff's class certification motion was never heard and was denied as moot based on the
     settlement of all claims in this action. ECF No. 148.

25   [13]    DeSario Decl. ¶ 11.
     [14]    DeSario Decl. ¶ 12.

26   [15]    DeSario Decl. ¶ 13.
     [16]    DeSario Decl. ¶ 14.

27   [17]    DeSario Decl. ¶ 15.
     [18]    DeSario Decl. ¶ 16.

28   [19]    DeSario Decl. ¶ 17.
     [20]    DeSario Decl. ¶ 18.

III.    **SUMMARY OF SETTLEMENT**

    A.    **PROPOSED CLASS ACTION SETTLEMENT**

The *non-reversionary* Settlement provides that Equinox will pay $150,000 to compensate the named plaintiffs and all Class Members who submit timely and valid claims,[21] including an enhancement award of up to $5,000 to each of the Class Representatives for their service to the Class,[22] Plaintiffs' attorneys' fees of up to 1/3 of the Gross Settlement Amount (i.e. $50,000),[23] Class Counsel's litigation expenses (not to exceed $10,000),[24] and the Claims Administrator, CPT Group, Inc.'s, fees and expenses.[25] Class Members who submit timely and valid claims will be eligible to receive a settlement award in an amount based on the number of personal training sessions taught during the class period.[26]

The settlement payments to Class Members will be considered payment of business expenses, which shall not be subject to any withholdings.[27] The Claims Administrator will be responsible for issuing any required state and federal reporting documents (such as IRS Form 1099s) to Class Members, Class Counsel, and the Class Representatives.[28]

The settlement class will release their expense reimbursement claims that arose during the relevant time period in exchange for the monetary remuneration detailed above. The Settlement releases Defendant from liability to the Class Members for any and all claims for the failure to reimburse reasonable business expenses and any and all claims for unfair business practices under California Business & Professions Code § 17200 *et seq.* associated with the expense reimbursement violations alleged in the action.[29]

---

[21]    Exhibit "A," Settlement ¶ 1.14.
[22]    Exhibit "A," Settlement ¶ 3.3.
[23]    Exhibit "A," Settlement ¶ 3.1.
[24]    Exhibit "A," Settlement ¶ 3.2.
[25]    Exhibit "A," Settlement ¶ 3.4.
[26]    Exhibit "A," Settlement ¶ 2.2.
[27]    Exhibit "A," Settlement ¶ 8.1.
[28]    Exhibit "A," Settlement ¶ 8.2.
[29]    Exhibit "A," Settlement ¶ 5.2.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

B. **PROPOSED SEQUENCE OF EVENTS UNDER THE SETTLEMENT**

Should the preliminary approval hearing proceed as scheduled on April 18, 2013, and this Court enter an Order preliminarily approving the Settlement, Notice shall be provided to the class as follows:

Equinox will provide the Claims Administrator with the Class Members' names, last known addresses, social security numbers, and the number of training sessions taught by each during the Class Period within 10 days of preliminary approval.[30] Within 30 days of preliminary approval ("Notice Date"), the Claims Administrator will send each Class Member the Class Notice, Claim Form, and Exclusion Form ("Class Notice Packet")[31] via first-class United States mail.[32]

The Claim Form shall state the total number of training sessions taught during the class period, according to Equinox's records, by the Class Member to whom it is sent.[33] The Claim Form shall further inform the Class Members that they may be eligible to receive additional compensation if Class Members submit valid claims in an aggregate amount that is less than 100% of the Net Settlement Amount.[34] The Claim Form will also inform Class Members that if they disagree with the information set forth thereon regarding the number of training sessions, then they must submit to the Claims Administrator the information they believe to be incorrect, an explanation for such belief, and written documentation to support their challenge.[35] Class Members will have 45 days from the Notice Date to postmark their Claim Forms, Exclusion Forms, and/or Objections ("Claims Period").[36]

Included in the Class Notice materials will be a pre-printed Exclusion Form. In order for a Class Member to request exclusion from the Settlement, he or she must submit a valid, fully-executed Exclusion Form to the Claims Administrator that is postmarked by no later than 45 days after the Notice Date.[37] Any Class Member may object to the Settlement by mailing a written

---

[30] Exhibit "A," Settlement ¶ 6.2.2.
[31] Exhibit "G," Class Notice Packet.
[32] Exhibit "A," Settlement ¶ 1.17.
[33] Exhibit "A," Settlement ¶ 6.3.1.
[34] Exhibit "A," Settlement ¶ 6.3.1.
[35] Exhibit "A," Settlement ¶ 6.3.1.1.
[36] Exhibit "A," Settlement ¶ 7.1.
[37] Exhibit "A," Settlement ¶ 6.8.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1 objection and supporting papers, if any, to the Claims Administrator no later than 45 days after the

2 Notice Date.[38] If a Class Member wishes to present his or her objection to the Court orally, the

3 objector's written statement must include a statement of intent to appear at the Final Approval

4 Hearing.[39] Fifteen days before the expiration of the Claims Period, the Claims Administrator will

5 mail a reminder post-card to those Class Members who have not responded with the return of a

6 Claim Form or Exclusion Form.[40] The Claims Administrator will perform one skip-trace on any

7 Class Notice materials returned as undeliverable and will immediately re-mail the materials to an

8 updated address, if any.[41]

9 After the Settlement becomes effective, the Claims Administrator shall distribute each

10 claiming Class Member's share of the Net Settlement Amount, and the Class Members shall have

11 180 days thereafter to negotiate their settlement checks. Any unclaimed funds remaining in the Net

12 Settlement Amount as a result of the failure to timely cash Settlement checks shall be paid to the Bet

13 Tzedek children's advocacy program pursuant to California Code of Civil Procedure section

14 384(b).[42]

15 The following table reflects the proposed sequence of events under the Settlement:

| Date/Triggering Event: | Event: |
|---|---|
| April 18, 2013 | Court enters Preliminary Approval Order. |
| [10 days after Preliminary Approval]: April 28, 2013 | Deadline for Defendant to provide the Class members' contact information to Claims Administrator.[43] |
| [30 days after Preliminary Approval]: May 18, 2013 | Deadline for Claims Administrator to mail Class Notice Packet ("Notice Date").[44] |
| [45 days after Notice Date]: July 2, 2013 | Last day for Class Members to object to the Settlement.[45] |

[38] Exhibit "A," Settlement ¶ 6.5.
[39] Exhibit "A," Settlement ¶ 6.5.
[40] Exhibit "A," Settlement ¶ 7.1.
[41] Exhibit "A," Settlement ¶ 7.1.
[42] Exhibit "A," Settlement ¶ 7.7.
[43] Exhibit "A," Settlement ¶ 6.2.2.
[44] Exhibit "A," Settlement ¶ 1.17.
[45] Exhibit "A," Settlement ¶ 6.5.

| Date/Triggering Event: | Event: |
|---|---|
| [45 days after Notice Date]:<br>July 2, 2013 | Last day for Class Members to opt-out of the Settlement via a written Exclusion Form.[46] |
| [15 days before the expiration of Claims Period]:<br>June 17, 2013 | Claims Administrator to send a reminder post-card to those Class Members who have not responded with the return of a Claim Form or Exclusion Form.[47] |
| [16 days or more before Final Approval Hearing]: *To Be Determined* | Last Day for Class Counsel to file Motion for Final Approval and Judgment. |

## IV.   CERTIFICATION OF PLAINTIFFS' CLAIMS ON A CLASS WIDE BASIS IS APPROPRIATE UNDER RULE 23

### A.   A DISTRICT COURT MAY CERTIFY A CLASS IF IT MEETS THE REQUIREMENTS OF RULE 23(a) AND RULE 23(b)

Through this motion, Plaintiffs request that the Court make appropriate findings and conditionally certify the following class for purposes of settlement only:[48]

> All persons employed as Personal Trainers in any of Defendant's facilities located in the State of California, except those employed at former Sports Club LA locations, specifically Equinox Beverly Hills, Equinox Irvine and Equinox West LA, during the Class Period (defined as June 1, 2006 through the date that Preliminary Approval is granted).

To certify a class, a district court must find that the proposed class meets the requirements of both Rule 23(a) and Rule 23(b). *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623-24 (1997). As discussed below, based on Plaintiffs' allegations in their Second Amended Complaint, the Settlement Class meets all four prerequisites of Rule 23(a) class certification – numerosity, commonality, typicality, and adequacy of representation – in addition to the requirements of Rule 23(b)(3) – predominance of common issues and superiority of the class action device.

---

[46] Exhibit "A," Settlement ¶ 6.8.
[47] Exhibit "A," Settlement ¶ 7.1.
[48] Exhibit "A," Settlement ¶ 1.10.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

**B.** **THE SETTLEMENT CLASS MEETS ALL FOUR REQUIREMENTS OF RULE 23(a)**

**1.** **The Settlement Class Satisfies the Numerosity Element.**

Numerosity does not require that joinder of all members be *impossible*; only *impracticable*. *Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 448 (N.D.Cal. 1994); FRCP Rule 23(a)(1); *see also German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 552 (S.D.N.Y. 1995) ("Impracticability means difficulty or inconvenience of joinder; the rule does not require impossibility of joinder."). Evidence of exact class size is not required (1 *Newberg* § 3:5 (4th Ed. 2002) at 233-35), nor is a specific number of members;[49] rather, impracticability depends on the facts of each case. *General Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980). Here, the class consists of over 1,700 members; therefore, joinder is impracticable.[50]

**2.** **The Settlement Class Satisfies the Commonality Element.**

Under Federal Rule of Civil Procedure 23(a)(2), Plaintiffs must show that there is a question of law or fact common to the class. The requirements of Rule 23(a)(2) are easily met. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019-20 (9th Cir. 1998) (emphasizing the "minimal" requirements and "permissive" interpretation of Rule 23(a)(2)); *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 56 (3d. Cir. 1994); *Slaven v. BP Am., Inc.* 190 F.R.D. 649, 655 (C.D. Cal. 2000) (stating that most courts have construed requirements "quite liberally"). As such, Plaintiffs may satisfy the commonality requirement by demonstrating either a common legal issue with divergent factual predicates or a common nucleus of facts with divergent legal remedies. *See Hanlon,* 150 F.3d at 1019; *Staton v. Boeing Co.,* 327 F.3d 938, 953 (9th Cir. Wash 2003). Furthermore, the presence of merely one common issue of law or fact is sufficient. *See Haley v. Medtronic, Inc.,* 169 F.R.D. 643, 648 (C.D. Cal. 1996); *Slaven,* 190 F.R.D. at 655.

Here, the common question is simply whether Defendant violated California Labor Code §§ 400-410 and/or § 2802 by requiring Class Members to pay all or a portion of its normal business expenses. This common issue satisfies Rule 23(a)(2)'s requirements. *See, e.g., Hanlon,* 150 F.3d at

---

[49]     "[T]he difficulty inherent in joining as few as 40 class members should raise a presumption that joinder is impracticable, and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone." 1 *Newberg* (4th ed.) § 3:5 at 246-7.

[50]     DeSario Decl. ¶ 19.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800



1019 (shared legal issues with divergent factual predicates sufficient for class certification.); *Tierno v. Rite-Aid Corp.,* 2006 U.S. Dist. LEXIS 17194 (N.D. Cal. 2006) (certifying a class of retail store managers); *Gutierrez v. Kovacevich "5" Farms,* 2004 U.S. Dist. LEXIS 29476, *15 (E.D. Cal. 2004) (finding commonality satisfied where plaintiffs presented common questions of whether defendants failed to pay plaintiffs for all time worked).

a.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Notice of Motion and Motion for Preliminary Settlement Approval; Memorandum of Points and Authorities



Notice of Motion and Motion for Preliminary Settlement Approval; Memorandum of Points and Authorities

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

### b. The Business Expense Reimbursement Claim Presents Common Questions of Law and Fact.

The Class Members' reimbursement claims arise from "the longstanding policy of the State of California in regard to an employer's obligation to pay all costs his employee expends in carrying out the duties of employment."[63] With respect to business expenses incurred by employees, an employer must repay all costs incurred by employees in "direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer. . ." Cal. Lab. Code § 2802(a). If an employer does not properly reimburse an employee for such costs incurred, the employer owes the expenses plus interest thereon. Cal. Lab. Code § 2802(b).[64] Here, Plaintiffs allege that Equinox did not reimburse any of the Class Members for myriad costs including those spent to attend training courses, obtain certifications, attend company events and meetings, or buy materials for their personal training sessions. Whether or not any or all of these expenses should have been reimbursed by Equinox can be determined on a class-wide basis and does not require the review of any individualized issues.

### 3. The Settlement Class Satisfies the Typicality Element.

The permissive standard of typicality focuses on the similarity between the legal theories of the proposed class representatives and the legal theories of class members whom they seek to represent. *See Hanlon,* 150 F.3d at 1020; *Staton,* 327 F.3d at 957.[65] In deciding whether individual variations preclude typicality, the focus should be on the behavior of the defendants. *Day v. NLO,*

---

[62] ███████████████████████████████████████████████████████████████

[64]   California law allows for an exception to this rule only under specifically defined circumstances, not applicable here, wherein the employee "makes two times the minimum wage" and the costs are for "hand tools and equipment customarily required by the trade or craft." IWC Wage Order 2-2001 §9(B). The Wage Order also allows for an exemption for the instruments used by employees in beauty salons, schools of beauty culture, and barber shops. The specificity of the exceptions makes it clear that the IWC intended this list to be exhaustive.

[65]   The typicality and commonality requirements "tend to merge," and a finding of commonality ordinarily will support a finding of typicality. *General Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 157 n.13 (1982); *Weiner v. Syntex Corp.,* 117 F.R.D. 641, 644 (N.D. Cal. 1987); *California Rural Legal Assistance v. Legal Services Co.,* 917 F.2d 1171, 1175 (9th Cir. 1990) (the named Plaintiffs need not be identically situated with all other class members, but must share a "common issue of law or fact.").

851 F.Supp. 869, 884 (S.D. Ohio 1994). Typicality is met here as the claims of the settlement class are based on the same legal and factual claim as that of Plaintiffs, i.e., that Defendant failed to reimburse Class Members for required business expenses. Since Plaintiffs possess the same interests and allege the same wage violations impacting[66] the other Class Members, the typicality requirement is met.

### 4. Plaintiffs and their Counsel Satisfy the Adequacy Element.

The proposed Class Representatives have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement has two prongs: "(1) [t]hat the representative party's attorney be qualified, experienced, and generally able to conduct the litigation; and (2) that the suit will not be collusive and the class representative's interests not be antagonistic to those of the remainder of the class. *See Hanlon,* 150 F.3d at 1020; *Local Joint Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.l,* 244 F.3d 1152, 1162 (9th Cir. 2001).

In this case there is no reason to doubt the adequacy of Plaintiffs' counsel.[67] Nor is there any evidence of antagonism between Plaintiffs' interests and those of the Class Members. Plaintiffs have litigated this case in good faith and the interests of Plaintiffs are coextensive with those of the Class Members as they both share a common interest in challenging Defendant's actions with regard to its expense reimbursement policy.

### C. THE PROPOSED SETTLEMENT CLASS ALSO MEETS THE REQUIREMENTS OF RULE 23(b)(3)

In addition to Rule 23(a) requirements, a district court must also find that common issues of law or fact "predominate over any questions affecting only individual members." Fed. R. Civ. P.

---

[66]



SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

23(b)(3). The settlement class in this case is sufficiently cohesive to warrant adjudication by representation. *See Hanlon,* 150 F.3d at 1022. Plaintiffs and the Class Members seek reimbursement of previously incurred business expenses. Based on Plaintiffs' allegations that Defendant's expense reimbursement policy is unlawful, liability could be determined on a class-wide basis, and would therefore not be dependent on individual assessments of liability. Furthermore, because the "predominance" factor concerns liability, any variation in damages is plainly insufficient to defeat class certification. *Blackie v. Barrack,* 524 F.2d 891, 905-06 (9th Cir. 1975). Thus, the proposed settlement class may be certified.

Likewise, it is clear that the class action device proposed herein is "superior to other available methods of the fair and efficient adjudication of this controversy." Fed. R. Civ. P. 23(b)(3). This allows all of the Class Members' claims to be fairly, adequately, and efficiently resolved to a degree that no other mechanism or forum would provide. As in *Hanlon,* the alternative methods of resolution are individual claims for a relatively small amount of damages. *See Hanlon,* 150 F.3d at 1023. Plaintiffs allege that these claims "would prove uneconomic for potential plaintiffs" because "litigation costs would dwarf recovery." *Id.* For this reason, a class action is the superior method of resolution.

Finally, there are no issues of manageability that would preclude certification of the Expense Reimbursement Class. In this respect, a court faced with a request for a settlement-only class like this one need not inquire whether the case would present intractable problems of trial management, but other requirements under Rule 23 must still be satisfied. *See, e.g., Amchem,* 521 U.S. at 620. In any event, as discussed above, the proposed plan of distribution and settlement process is efficient and manageable.

## V.   PLAINTIFFS' COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL

Federal Rule of Civil Procedure 23(g) requires that courts consider the following four factors when appointing class counsel: (1) whether counsel has investigated the class claims; (2) whether counsel is experienced in handling class actions and complex litigation; (3) whether counsel is knowledgeable regarding the applicable law; and (4) whether counsel will commit adequate

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    resources to representing the class. *See Morelock Enterprises, Inc. v. Weyerhaeuser Co.,* 2004 U.S.

2    Dist. LEXIS 28270, *16-17 (D. Or. 2004).

3       In this case there is no reason to doubt the adequacy of Class Counsel.[68] SCA is devoted

4    almost exclusively to the prosecution of wage and hour class action matters such as this. Indeed, in

5    its twenty year history, SCA has prosecuted scores of wage and hour class actions, some of which

6    are identified in the firm's professional resume submitted herewith.[69] Many of these cases involved

7    the same legal issues as are presented in the current litigation against Equinox. In recent years, SCA

8    has uncovered recurring wage and hour abuses in the fitness club industry across California and the

9    United States and has developed a significant case load as well as corresponding insight into how to

10   best prosecute such claims.[70,71]

11       As a law firm devoted to prosecuting wage and hour class actions, SCA has made

12   presentations at professional seminars, written articles on some of the legal issues in dispute in this

13   litigation, and remain in regular contact with other wage and hour practitioners who deal with unpaid

14   wage and expense reimbursement claims, many of whom have consulted and/or retained us to

15   provide expert services regarding these topics. SCA has diverse and extensive experience from

16

17    [68]     Exhibit "HH," SCA's Professional Resume.

     [69]     Exhibit "HH," SCA's Professional Resume; DeSario Decl. ¶ 20.

18    [70]     DeSario Decl. ¶ 21.

     [71]     SCA served as Class Counsel in the case of *Fulton, et al. v. 24 Hour Fitness*, Case No. GIC

19   881669, San Diego Superior Court, filed Feb. 21, 2007. The *24 Hour Fitness* case involved a class of

    group exercise instructors who were compensated, just as the Class Members herein, on an allegedly

20   unlawful piece rate basis, and it was alleged that the employer failed to provide reimbursement for

    business expenses. On October 5, 2009, following an adversarial proceeding, the court therein

21   certified the plaintiff class. In or about February of 2011, the parties agreed to settle the class'

    expense reimbursement claims for $10 million. The parties then filed cross-motions for summary

22   adjudication and on August 2, 2011, the court issued an Order finding 24 Hour Fitness' session rate

    compensation scheme to be an invalid piece rate. The parties then agreed to settle the class' unpaid

23   wage claims for $9 million, and the summary adjudication order was vacated pursuant to settlement.

    DeSario Decl. ¶ 22.

24      SCA has also prosecuted similar cases against several of Equinox's competitors such as

    Bally's (*Flores v. Bally Total Fitness Corporation,* Alameda County Superior Court Case No.

25   RG08414582, filed Oct. 10, 2008), L.A. Fitness (*Antis v. L.A. Fitness International, LLC,* San Diego

    County Superior Court Case No. 37-2011-00096680, filed Aug. 22, 2011; *Commiato v. L.A. Fitness*

26   *International, LLC,* Los Angeles County Superior Court Case No. BC476852, filed January 13,

    2012; *Moore v. Fitness International, LLC,* California Northern District Court Case No. CV 12-

27   01551 LAB, filed Jun. 22, 2012), UFC Gym (*Howell v. New Evolution Fitness BPO, LLC dba UFC*

    *GYM,* Contra Costa County Superior Court Case No. CIVMSC12-02502, filed Oct. 19, 2012) and

28   Crunch Gyms (*Rothberg v. Crunch LLC, et al.,* San Francisco County Superior Court Case No.

    CGC-12-519740, filed Apr. 4, 2012). DeSario Decl. ¶ 23.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

which to draw upon to evaluate the settlement potential of the cases we prosecute, including this one.[72]

Since the firm was founded in 1992, SCA has devoted itself primarily to prosecuting employment law matters and, since 2000, exclusively to class actions. In that time, the firm has litigated a number of wage and hour class actions dealing with wage and hour and expense reimbursement issues, and was one of the first California firms to devote itself so heavily to this area of practice.[73] The firm has litigated a large number of wage and hour class actions dealing with the disputed issues herein. SCA's attorneys regularly serve as guest speakers at wage and hour conferences and have written articles on wage and hour class action issues.[74] SCA served as co-counsel in connection with the largest single meal and rest period-only settlement in the nation's history (*Cornn/Despres v. United Parcel Service, Inc. et al.*, Case No. 3:03-cv-02001 TEH (N.D. Cal. 2007) ($87 million settlement award)) and has successfully achieved class certification in many difficult scenarios. *See, e.g., Kurihara v. Best Buy Co., Inc.*, Case No. C 06-01884 MHP (N.D. Cal. 2007) (obtaining certification for a class of over 52,000 current and former store employees); *Torres v. ABC Security*, Case No. RG 04158744 (Alameda Superior Ct. 2006) (obtaining certification of a class of over 1,600 security guards working at scores of different work sites).[75] Because of its experience and almost exclusive dedication to prosecuting wage and hour class actions, the quality of representation by SCA's attorneys likely far exceeds the quality of representation that would have been provided by attorneys billing at a similar hourly rate, but without such experience.[76]

## VI.    PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND COSTS IS REASONABLE

The Settlement provides for recovery of Plaintiffs' attorneys' fees of up to 1/3 of the Gross Settlement Amount (i.e. $50,000)[77] and Class Counsel's litigation expenses (not to exceed

---

[72]    DeSario Decl. ¶ 24.
[73]    DeSario Decl. ¶ 25.
[74]    DeSario Decl. ¶ 26.
[75]    DeSario Decl. ¶ 27.
[76]    DeSario Decl. ¶ 28.
[77]    Exhibit "A," Settlement ¶ 3.1.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

$10,000).[78] This allocation of attorneys' fees and costs is justified and reasonable under the percentage of fund and lodestar methods for calculating attorneys' fees.

### A.   SCA'S FEE REQUEST IS REASONABLE UNDER THE PERCENTAGE-OF-FUND CALCULATION METHOD

Given SCA's tireless work in prosecuting this case and resultant willingness to settle on the part of Equionox, SCA requests a fee award of 1/3 of the settlement fund.[79] When cross-checked against the lodestar method of awarding fees, $50,000 would amount to a *negative* multiplier of approximately .05 on the lodestar.[80] As such, SCA's request fits well within the bounds of reasonable fees.

### B.   SCA'S FEE REQUEST IS REASONABLE UNDER THE LODESTAR METHOD

Using the lodestar method, trial courts consider several factors in determining whether the requested fee award is warranted. Those factors include: (1) the amount involved and the results obtained; (2) the contingent nature of the fee agreement, including the uncertainty of eventual success on the merits and of securing an award; (3) the extent to which the nature of the litigation precluded other employment by the attorneys; and (4) the experience, reputation and ability of the attorneys who performed services in this litigation and the skill they displayed. *See Dunk  v. Ford Motor Co.*, 48 Cal.App.4th 1794, 1810 n.21 (1996) (quoting  *Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977)) *and In re Omnivision Techs.*, 559 F.Supp. 2d 1036, 1046 (N.D. Cal. 2007). Application of each of the factors identified above strongly favors granting the attorneys' fees and costs award that SCA requests in this case.

#### 1.   The Results Achieved

The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award. *In re Omnivision*, 559 F. Supp. 2d at 1046; *Salton Bay Marina, Inc. v. Imperial*

---

[78]    Exhibit "A," Settlement ¶ 3.2.
[79]    Exhibit "A," Settlement ¶ 3.1.
[80]    Exhibit "II," Lodestar Summary Report. Through October 25, 2012, SCA's attorneys and paraprofessional staff have expended 3,235.7 hours on this litigation and in so doing accumulated a $1,060,108 lodestar, significantly exceeding the maximum attorneys' fee award contemplated by the Settlement.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  *Irrigation Dist.*, 172 Cal.App.3d 914, 955 (1985). As detailed above, the Settlement provides

2  compensation for previously unreimbursed business expenses to the Class Members that they would

3  have not otherwise received. Indeed, SCA's work, reflected in its aggressive prosecution -

4  culminating in a robust class certification motion - ultimately spurred the final settlement talks that

5  produced the $5.5 million settlement in the *Evans* matter and the subsequent settlement of the

6  expense reimbursement claims.

7  **2.      The Contingent Nature of the Case**

8  The California Supreme Court has recognized that attorney fee awards should compensate

9  attorneys for the risks of loss involved in contingency cases. *Graciano v. Robinson Ford Sales, Inc.*,

10 144 Cal.App.4th 140, 154 (2006) (citing *Ketchum v. Moses*, 24 Cal.4th 1122, 1133 (2001)). While

11 attorneys who engage regularly in the representation of corporations are routinely paid (and often

12 quite handsomely) on an hourly basis, plaintiffs in wage and hour cases can rarely afford to pay their

13 attorneys by the hour, especially if they expect to be represented by a law firm well known for

14 achieving good results. Although SCA has a history of achieving excellent results in wage and hour

15 class actions, it is still committed to handling these cases, including the one at hand, on a wholly-

16 contingent basis.[81]

17 **3.      The Preclusion of Other Employment**

18 SCA's commitment to the case should not be assessed in a vacuum. *See Glendora Cmty.*

19 *Redevelopment Agency v. Demeter*, 155 Cal.App.3d 465, 475 (1984) (recognizing that "a busy

20 lawyer" with a good "reputation" might be "reluctant to accept the employment because of the

21 preclusion of other business"). Indeed, the inherent complexities within class actions and scale of

22 this particular case forced SCA to devote considerable time and labor to the instant litigation. As

23 such, additional work was available that SCA was forced to forego to devote the time necessary to

24 pursue this case. For these reasons, the weight of this factor favors approval of SCA's fee request.

25

26

27

28
[81]      DeSario Decl. ¶ 29.

Notice of Motion and Motion for Preliminary Settlement Approval; Memorandum of Points and Authorities

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

4.      **The Experience, Reputation and Ability of Counsel, and the Skill They Displayed in the Litigation**

SCA's experience and ability were essential to the Class Members' recovery in this litigation. Defendant *knew* SCA had extensive experience in litigating session-rate claims on behalf of fitness club employees[82] based on its successful certification and summary judgment victories - and eventual $19 million settlement - in the *24 Hour Fitness* case.[83] Moreover, SCA's reputation for aggressive, successful prosecution of similar cases made credible its commitment to pursue this action through trial and beyond to provide a fair result for the class. Even allowing this action to proceed to class certification presented a huge risk to Defendant in light of SCA's certification victory in *24 Hour Fitness.* Moreover, Defendant *knew* SCA had previously obtained summary judgment with regard to the illegality of the defendant's session-rate compensation scheme in the *24 Hour Fitness* case.[84] Thus, SCA's proven record added significantly to the value of this case.

C.      **SCA'S COSTS ARE REASONABLE AND WERE INCURRED TO BENEFIT THE CLASS**

The settlement provides for a maximum of $10,000 for reimbursement of Plaintiffs' litigation expenses.[85] In the course of this litigation, SCA incurred substantial costs in the form of court filing fees, legal and factual research, photocopies, fax, messenger, travel, postage and telephone charges totaling $40,805.67 as of October 25, 2012.[86] Such costs are appropriate for reimbursement in these types of cases. *See* 1 *Alba Conte*, Attorney Fee Awards § 2:08 at 50-51 ("The prevailing view is that expenses are awarded in addition to the fee percentage.") (citations omitted). As such, the costs SCA incurred in this litigation are reasonable and appropriate as they served to benefit the class, and should be reimbursed.

---

[82]   DeSario Decl. ¶ 23.
[83]   DeSario Decl. ¶ 22.
[84]   DeSario Decl. ¶ 22.
[85]   Exhibit "A," Settlement ¶ 3.2.
[86]   Exhibit "JJ," SCA's Cost Journal.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## VII.   THE PROPOSED SETTLEMENT SHOULD BE GRANTED PRELIMINARY APPROVAL

Rule 23(e)(c) requires that the court find a class settlement to be fair, reasonable and adequate before entering preliminary or final approval. The primary concern of Rule 23(e)(1)(c) is the "protection of class members whose rights may not have been given adequate consideration during the settlement negotiations." *In re Jiffy Lube Securities Litigation*, 927 F. 3d 155, 158 (4th Cir. 1991). Moreover, the law favors settlement, particularly in class actions and other complex cases, where substantial resources can be conserved by avoiding the time, cost and rigors of formal litigation. 4 *Newberg on Class Actions* 4th (2002) ("*Newberg*") § 11:41; *see also Class Plaintiffs v. City of Seattle*, 955 F.2d at 1276 (9th Cir. 1992); *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *Potter v. Pacific Coast Lumber Company*, 37 Cal.2d 592, 602 (1951).

At this point in time the Court is only to determine whether the proposed settlement is within the range of possible approval, and thus whether notice to the class of the terms and conditions and the scheduling of a formal fairness hearing is worthwhile. *Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224, 234-35 (2001); *see also* 4 *Newberg* § 11:25. The Court is granted broad powers to determine whether a proposed settlement is fair under the circumstances of the case (*Wershba*, 91 Cal.App.4th at 234-35; *Mallick v. Superior Court*, 89 Cal.App.3d 434, 438 [1979]) and need find only that the settlement falls within the range of possible final approval, also described as "the range of reasonableness." *See, e.g., In re Traffic Exec. Ass'n*, 627 F.2d 631, 633-634 (2d Cir. 1980); 4 *Newberg* § 11:26.

Courts balance several factors in determining whether a settlement is fair, adequate and reasonable, in compliance with Rule 23(a): the strength of plaintiff's case, the risk, expense, complexity and likely duration of further litigation, the risk of maintaining a class action through trial, the amount offered in settlement, the extent of discovery completed, the stage of the proceedings, and the experience and views of counsel. *Hanlon*, 150 F. 3d at 1026; *In re Mego Financial Corp. Securities Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). While making this fairness determination, courts need also give "proper deference to the private consensual decision of the parties," since "the court's intrusion upon what is otherwise a private consensual agreement

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a

2   reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion

3   between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and

4   adequate to all concerned." *Hanlon*, 150 F.3d at 1027. Indeed, as "a settlement is the offspring of

5   compromise," the question upon preliminary approval "is not whether the final product could be

6   prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Id.*

7   Accordingly, a court should not second guess the parties, or substitute its judgment for that of the

8   proponents of the settlement, particularly when experienced counsel familiar with the litigation have

9   reached settlement. *Hammon v. Berry*, 752 F. Supp. 108 (D.D.C.1990); *Steinberg v. Carey*, 470 F.

10   Supp. 471 (S.D.N.Y. 1979).

11        Here, as shown below, the proposed Settlement falls well within the range of reasonableness.

12
13       **A.**     **THE RISKS, COMPLEXITY, EXPENSE, AND LIKELY DURATION OF FURTHER LITIGATION ALL SUPPORT APPROVAL**

14        Yet another factor considered by courts in approving a settlement is the complexity, expense

15   and likely duration of the litigation. *Dunk v. Ford Motor Co.,* 48 Cal.App.4th 1794, 1801 (1996);

16   *Officers for Justice*, 688 F.2d at 625; *Girsh v. Jepson*, 521 F.2d 153, 157 (1975). In applying this

17   factor, the court should weigh the benefits of the Settlement against the expense and delay involved

18   in achieving an equivalent or even more favorable result at trial. *Young v. Katz*, 447 F.2d 431, 433

19   (5th Cir. 1971); *Kullar v. Foot Locker Retail, Inc.*, 168 Cal.App.4th 116, 129 (2008) (The trial court

20   "bears the responsibility to ensure that the recovery represents a reasonable compromise, given the

21   magnitude and apparent merit of the claims being released, **discounted by the risks and expenses**

22   of attempting to establish and collect on those claims by pursuing the litigation.") (emphasis added).

23        The policy under California law that favors and encourages settlement of class actions and

24   other complex cases applies with particular force here. California jurists recognize "an overriding

25   public policy favoring settlement of class actions." *Ferguson v. Lieff, Cabraser, Heimann &*

26   *Bernstein*, 30 Cal.4th 1037, 1054 (2003) (Kennard, J., concurring) (*citing Franklin v. Kaypro Corp.*,

27   884 F.2d 1222, 1229 (9th Cir. 1989) ("public policy favor[s] the compromise and settlement of

28   disputes")); *see also In re General Motors Corp. Pick-up Truck Fuel Tank Products Liability Litig.*,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   55 F.3d 768, 805 (3rd Cir. 1995). Employment cases (including wage and hour cases) can be

2   expensive and time-consuming to prosecute. That this is a class action further amplifies the

3   economies of time, effort and expense achieved by this Settlement. The alternative to a class action –

4   i.e., individual litigation – could tax private and judicial resources over a period of years and, given

5   the relatively modest amount of damages each Class Member allegedly incurred, would be

6   uneconomical even for those with the finances, sophistication and tenacity to secure individual legal

7   representation. This Settlement, on the other hand, provides to *all* Class Members, regardless of their

8   means, the opportunity for a monetary recovery in a prompt and efficient manner, without the risk of

9   the Court denying class certification and the resultant recovery of nothing at all. Should the Court

10   deny final settlement approval, most Class Members will, as a practical matter, be left without any

11   remedy at all and, should any claimant elect to pursue his or her claim anyway, any one or more

12   courts throughout California may be called upon to address the issues presented here in a piecemeal,

13   costly and time-consuming manner. As such, the Settlement in this case is consistent with the

14   "overriding public interest in settling and quieting litigation" that is "particularly true in class action

15   suits." *Van Bronkhorst*, 529 F.2d at 950 (footnote omitted); *Potter*, 37 Cal.2d at 602; 4 *Newberg* §

16   11.41 at 87-89.

17       **B.      THE WORK PERFORMED BY COUNSEL SUPPORTS APPROVAL OF
                   THE SETTLEMENT WHICH WAS A PRODUCT OF ARMS-LENGTH
18                 NEGOTIATIONS AND RESULTS IN REASONABLE COMPENSATION
                   TO CLASS MEMBERS**

19       The work performed by Class Counsel supports the reasonableness of the Settlement. As

20   described herein,[87] the proposed Settlement was only reached after over two years of hard-fought

21   litigation, including a fully-briefed class certification motion, and months of additional arm's length

22   negotiations.[88] The end result of this work is a Settlement that experienced plaintiffs' counsel

23   believes is a great result for the class. It commits Defendant to pay $150,000 in exchange for a very

24   limited release of the Class Members' expense reimbursement claims. Indeed, given the modest size

25   of the class (approximately 1,700 Class Members), and the minimal, although not inconsequential

26

27   _____

28   [87]   *See infra* Section II.
     [88]   DeSario Decl. ¶¶ 3-15.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

extent of the expenses they incurred,[89] Plaintiffs believe that such a Settlement is, under the circumstances, clearly fair and adequate and that it provides for reasonable compensation to Class Members. Likewise, Settlement Class members will receive a payment under the Settlement much quicker than if they pursued their claims through trial and appeal.

The distribution calculations to Class Members are fair, objective and will reasonably approximate the relative damages suffered by each Class Member. To wit, each Class Member who submits a claim for payment will receive a pro rata share of the Net Settlement Amount which is tied to the number of training sessions taught by that Class Member in relationship the total number of training sessions taught by all Class Members who file valid claims. This proposed plan of distribution takes into account factors that would affect Class Member recoveries if this litigation were successfully concluded through judgment, including the number of sessions taught while employed by Defendant.

**C.    THE PAYMENT TO THE NAMED PLAINTIFFS FOR THEIR SERVICE TO THE CLASS IS REASONABLE AND ROUTINELY AWARDED**

The modest payment of $5,000 to each of the named plaintiffs is intended to recognize the time and effort they expended on behalf of the Class. Indeed, "[c]ourts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001), *quoting In Re S. Ohio Correctional Facility*, 175 F.R.D. 270, 272 (S.D. Ohio



[89]

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1   1997)). In this case, the Class Representatives stepped forward and filed suit against their employer

2   despite fears of retaliation and the potential risk that they would face a substantial cost award if they

3   were unsuccessful.[90]

4          Plaintiffs also actively contributed to the prosecution of this case. Among other efforts,

5   Plaintiffs produced documents, provided detailed background information to Class Counsel about

6   the organizational structure of the company and the job duties performed by Class Members,

7   appeared for deposition, and maintained regular contact with Class Counsel throughout this litigation

8   and settlement process.[91] *See, e.g., Glass,* 2007 U.S. Dist. LEXIS 8476, *52 (approving $25,000

9   enhancement awards to four named plaintiffs who "provided a great deal of informal discovery to

10  Class Counsel,"... "a great deal of insight into the policies and practices of UBS [and]... additional

11  relevant detail at the final fairness hearing.") (internal citations omitted); *Barcia v. Contain-A-Way,*

12  *Inc.,* 2009 U.S. Dist. LEXIS 17118, *19 (S.D. Cal. Mar. 6, 2009) (noting that "[t]he payment of

13  service awards to successful class representatives is appropriate and the amounts of $25,000 are well

14  within the currently accepted ranged. [sic]"); *see also Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir.

15  1998) (approving $25,000 incentive payment to representative plaintiff); *Van Vraken v. Atlantic*

16  *Richfield Co.,* 901 F.Supp. 294, 200-300 (N.D. Cal., 1995) (approving $50,000 incentive award to

17  class representative).[92]

18         Moreover, after filing this action, Plaintiffs risked taxation of Defendant's litigation costs in

19  the event of an adverse disposition.[93] This risk is punctuated by the reality that Plaintiffs' future

20  _____

21  [90] ████████████████████████████████████████████████████████

22  ███████████████████████████████████████████████████████████

    ████████████████████████████████████; DeSario Decl. ¶

23  30.
    [92]     *See also Singer v. Becton & Dickinson & Co.,* 2010 U.S. Dist. LEXIS 53416, *26 (S.D. Cal.

24  June 1, 2010) (awarding $25,000 enhancement to the named plaintiff); *Thieriot v. Celtic Ins. Co.,*
    2011 U.S. Dist. LEXIS 44852, *23 (N.D. Cal. Apr. 21, 2011) (same).

25  [93]     The *Barnes* action was removed to Federal Court pursuant to the Class Action Fairness Act
    of 2005. *See* 28 U.S.C.A. § 1453. Once before a Federal Court, class action plaintiffs are potentially

26  liable for a prevailing defendant's litigation costs, which can be substantial in wage and hour class
    actions such as the instant matter (i.e., in excess of one year's salary for most rank and file

27  employees). *See* Fed. R. Civ. P. 54(d)(1); *see also, Whiteway v. FedEx Kinkos Office & Print Servs.,*
    *Inc.*, 2007 U.S. Dist. LEXIS 95398 (N.D. Cal. Dec. 17, 2007) (affirming the clerk's $56,788.68

28  taxation of costs in favor of a defendant-employer in a wage and hour class action) (*underlying*
    *judgment subsequently reversed on appeal*).

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  employment prospects are further diminished with their names attached to this "big-ticket" litigation.

2  SCA believes that this case would not likely have settled on the terms it did without plaintiffs

3  Barnes' and Dwyer's participation and the strength of their testimony.[94] Indeed, their initiative and

4  courage deserves to be rewarded.  For these reasons, the request for Plaintiffs' enhancement awards

5  should be approved.

6  **VIII.   THE PROPOSED CLASS NOTICE AND CLAIMS PROCESS SATISFY DUE PROCESS**

7      **A.   THE CLASS NOTICE SATISFIES DUE PROCESS AND MEETS ALL OF THE ELEMENTS OF RULE 23(c)(2)(B)**

8

9      Rule 23(c)(2)(B) provides that the court must direct to class members the best notice

10  practicable under the circumstances, including individual notice to all members who can be

11  identified through reasonable effort. The notice should describe: (1) the nature of the action; (2) the

12  definition of the class certified; (3) the class claims, issues, or defenses; (4) that a class member may

13  enter an appearance through counsel if the member so desires; (5) that the court will exclude from

14  the class any member who requests exclusion, stating when and how members may elect to be

15  excluded; and (6) the binding effect of a class judgment on class members under Rule 23(c)(3). *See*

16  Fed. R. Civ. P. Rule 23(c)(2)(B). Courts have approved class notices even when they have provided

17  only general information about a settlement. *See, e.g., Mendoza v. United States*, 623 F. 2d 1338,

18  1351 (9th Cir. 1980) ("very general description of the proposed settlement" satisfies standards); *In re*

19  *Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (Class Notice "need only

20  describe the terms of the settlement generally.").

21      The content of the proposed Class Notice fully complies with due process and Rule 23.[95] The

22  Notice provides the definition of the Class, describes the nature of the action, and explains the

23  procedure for contesting data relied on for making payments under the Settlement. The Notice

24  provides specifics regarding the date, time, and place of the Final Fairness Hearing, and informs

25  Class Members what their options are upon receiving the Notice (i.e., opt-out, file a claim or object).

26  It explains that the Settlement release will apply to their claims unless they timely opt-out from the

27

28    [94]   DeSario Decl. ¶ 32.
  [95]   Exhibit "G," Class Notice Packet.

Settlement. The proposed Notice also informs the Class that the Settlement amount will be used to compensate Class Counsel for the approved amount of costs and fees, to pay the Class Representative's approved enhancement award, and to pay claims administration costs.

**B.  THE NOTICE PLAN AND CLAIMS PROCESS SATISFY DUE PROCESS BECAUSE THEY ARE CALCULATED TO GIVE ALL SETTLEMENT CLASS MEMBERS NOTICE**

The Class Notice Packet will be mailed by the Claims Administrator to the last known address of Class Members as identified through Defendant's records within 30 days[96] of preliminary approval. Such a notice plan satisfies due process and Rule 23(c)(2)(B). The Claims Administrator will then mail the Class Notice Packet to the last known address of Class Members as provided by Defendant.

The Class Notice provides instructions on how to opt-out. Should a Class Member wish to challenge Defendant's records regarding training sessions taught, as explained in the Notice, he or she will have the ability to contest the data. Settlement Class members will have 45 days from the date of mailing to submit claims, request exclusion, or to object to the Settlement. This is sufficient time to give Class Members the opportunity to comment on the Settlement. *Cf. Torrisi v. Tucson Elec. Power Co.*, 8 F. 3d 1370, 1375 (9th Cir. 1993) (approving Notice sent 31 days before the deadline for objections and 45 days before the hearing).

## IX.  CONCLUSION

Based on the foregoing, and because the settlement is beneficial to the Class Members and will efficiently, economically and favorably resolve what would have been an otherwise protracted and expensive litigation, Plaintiffs respectfully urge the Court to grant preliminary approval of the parties' Settlement.

Dated: March 28, 2013

**SCOTT COLE & ASSOCIATES, APC**

By:  /s/ Molly A. DeSario
　　　Molly A. DeSario, Esq.
　　　Attorneys for the Representative Plaintiffs
　　　and the Plaintiff Class

---

[96]  Exhibit "A," Settlement ¶ 1.17.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800