UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

SEAN BARNES and CARL DWYER individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

THE EQUINOX GROUP, INC., and DOES 1 through 100, inclusive,

Defendants.

_______________________________________/

No. C 10-03586 LB

**ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND APPOINTING CLASS COUNSEL; (2) PRELIMINARILY APPROVING SETTLEMENT; (3) APPROVING NOTICE TO CLASS; AND (4) SETTING HEARING FOR FINAL APPROVAL AND PLAINTIFFS' MOTION FOR FEES AND COSTS AND SERVICE AWARD**

**INTRODUCTION**

Most of the claims in this class action settled in a related class action in Los Angeles County superior court. That case is *Evans v. Equinox*, Case No. BC44058. The only claim in this case that is not covered in the state case is the claim for expense reimbursement. Plaintiffs filed an unopposed motion for the following: (1) preliminary approval of the settlement agreement reached by the parties; (2) provisional certification of the proposed settlement class; (3) a proposed plan for notice to the class of the litigation and the proposed settlement agreement; and (4) a proposed schedule for final approval of the settlement and entry of a final order and judgment.

In summary form, the settlement agreement is as follows. *See* Desario Declaration Ex. A, ECF No. 155-1 (the "settlement agreement"). The total sum is $150,000 allocated to the following categories: (1) expense reimbursement to class members based on the number of personal training

UNITED STATES DISTRICT COURT
For the Northern District of California

sessions they conducted; (2) attorney's fees up to one-third of the settlement (if approved by the court) and costs; (3) administrative costs of the settlement; and (4) incentive awards to Plaintiffs of up to $5,000 each (for a total of $10,000) if approved by the court. The settlement agreement will be administered by an independent claims administrator called CPT Group. Excess funds not used to pay expense reimbursements, administration costs, and attorney's fees will be distributed as a *cy pres* award to Bet Tzedek children's advocacy program.

The court held a hearing on April 18, 2013, clarified issues about the release, and now issues this order granting provisional class certification, approving the settlement plan preliminarily, approving the plan for notice to the class, and setting the schedule for the final approval process (including attorney's fees and incentive awards).

## ANALYSIS

### I. JURISDICTION

The court has jurisdiction under 28 U.S.C. § 1332(c) and (d)(2).

### II. CONDITIONAL CERTIFICATION OF CLASS

For settlement purposes only, the parties propose provisional certification of the following class:

> All persons employed as Personal Trainers in any of Defendant's facilities located in the State of California, except those employed at former Sports Club LA locations, specifically, Equinox Beverly Hills, Equinox Irvine and Equinox West LA, during the Class Period (defined as June 1, 2006 through the date that Preliminary Approval is granted).

Settlement Agreement § 1.10.

The court reviews the propriety of class certification under Federal Rule of Civil Procedure 26(a) and (b). In a settlement context, the court must pay "undiluted, even heightened, attention" to class certification requirements because the court will not have the opportunity to adjust the class based on information revealed at trial. *See Staton v. Boeing*, 327 F.3d 938, 952-53 (9th Cir. 2003) (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997)); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (same).

The court finds that the proposed settlement class here meets the requirements of Federal Rule of Civil Procedure 23(a) and (b).

**A. Rule 23(a)**

Class certification requires the following: (1) the class must be so numerous that joinder of all members individually is "impracticable;" (2) there are questions of law or fact common to the class; (3) the claims or defenses of the class representatives must be typical of the claims or defenses of the class; and (4) the person representing the class must be able to fairly and adequately protect the interests of all class members. *See* Fed. R. Civ. P. 23(a); *Staton*, 327 F.3d at 953.

Here, the factors support class certification. First, the class members – all identifiable from employee records – are (per counsel) around 2100, which makes joinder is impracticable. *See Jordan v. County of L.A.*, 669 F.2d 1311, 1319 (9th Cir.), *vacated on other grounds*, *County of L.A. v. Jordan*, 459 U.S. 810 (1982). Second, the class members' claims all involve common facts about business expense reimbursement for similar expenses. Similarly, the class members' legal issues involve the same legal theories about compliance with the California Labor Code. Third, the claims are typical of the claims of other class members: all involve reimbursement of business expenses that allegedly should have been paid under the Labor Code and that were not paid by the employer. *See Hanlon*, 150 F.3d at 1019-20 (claims are typical if they are reasonably coextensive with that of absent class members; they need not be substantially identical). Fourth, the parties agree, and the court finds, that the named plaintiffs are able to fairly and adequately protect the interests of all class members. The factors relevant to a determination of adequacy are as follows: (1) the absence of potential conflict between the named plaintiff and the class members; and (2) counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation. *Id*. at 1020. The court is satisfied that those factors exist here. As discussed already, the named plaintiffs have shared claims and interests with the class. Also, they have qualified and competent counsel. *See Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc*., 244 F.3d 1152, 1162 (9th Cir. 2001); *Brown v. Ticor Title Ins. Co*., 982 F.2d 386, 390 (9th Cir. 1992).

**B. Rule 23(b)(3)**

In addition to meeting the prerequisites of Rule 23(a), a proposed class must be appropriate for certification under one of the categories in Rule 23(b). *See* Fed. R. Civ. P. 23(b); *Hanlon*, 150 F.3d

at 1022. Plaintiffs seek provisional certification, and the court finds that certification is appropriate under Rule 23(b)(3). Questions of law and fact common to class members predominate over any questions affecting only individual members. *See* Fed. R. Civ. P. 23(b)(3). The case involves multiple claims for relatively small sums, and a class action is superior to an alternative method for fairly and efficiently adjudicating the claims. *See Amchem Products*, 521 U.S. at 625; *Culinary/Bartender Trust Fund*, 244 F.3d at 1163 (class action appropriate because "if plaintiffs cannot proceed as a class, some – perhaps most – will be unable to proceed as individuals because of the disparity between their litigation costs and what they hope to recover"). Also, according to the parties, no potential class member has expressed an interest in proceeding independently, and no apparent obstacles exist that would make managing a class action difficult. *See* Fed. R. Civ. P. 23(b)(3)(A), (C) and (D).

**C. Conclusion: Provisional Certification is Appropriate**

Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the court conditionally certifies the class members set forth above solely for the purpose of entering a settlement in this matter.

## III. APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL

For the reasons set forth in the previous section, the court appoints Sean Barnes and Carl Dwyer as the class representatives. The court finds specifically that they have claims that are typical of the claims of class members generally and are an adequate representative of the other members of the proposed class. The court also provisionally finds that Scott Cole & Associates, APC have sufficient experience and expertise in prosecuting class action cases and appoints the firm as class counsel for settlement purposes only.

## IV. PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

Procedurally, the approval of a class action settlement has two stages: (1) the preliminary approval, which authorizes notice to the class; and (2) a final fairness hearing, where the court determines whether the parties should be allowed to settle the class action on the agreed-upon terms. In reviewing the proposed settlement, the court need not address whether the settlement is ideal or the best outcome, but determines only whether the settlement is fair, free of collusion, and consistent with Plaintiff's fiduciary obligations to the class. *See Hanlon*, 150 F.3d at 1027. The *Hanlon* court

UNITED STATES DISTRICT COURT
For the Northern District of California

identified factors relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. *Id.* at 1026 (citation omitted).

The court evaluated the proposed settlement agreement for overall fairness under the *Hanlon* factors and concludes that preliminary settlement is appropriate. First, the strength and relative relation of this case to the state case militate in favor of settlement. Second, the related point litigation poses risks, and this litigation (as the docket sheet reveals) has been expensive and protracted (and complicated given the interplay with the related state class action). Third, the amount offered in settlement appears sufficient to cover the expenses at issue in this litigation given the risks identified. The expenses will be allocated to personal trainers based on the number of personal training sessions taught during the class period. Settlement Agreement § ¶ 3.4. This seems reasonable in light of the defenses and appellate risks that experienced counsel have identified. The monetary value of this portion of the case is relatively low compared to the rest of the case (which settled in state court for a fund of $5.5 million). Also, the settlement is the product of serious, non-collusive, arms' length negotiations by experienced counsel with the assistance of a private mediator.

At this stage, the settlement plan seems sufficiently fair for preliminary approval. The court advises the parties that a further showing will be needed for final approval on two grounds.

First, the settlement agreement provides for attorney's fees of up to one-third of the fund, or $50,000. The record that the court has now is not sufficient to determine whether that amount is appropriate. This is an unusual case, and ordinarily the amount seems fine, but also, the settlement agreement suggests that counsel may obtain additional attorney's fees from the *Evans* settlement. That issue should be illuminated at the final approval stage. Moreover, one-third of the fund may in and of itself be excessive (although again, in the context of this litigation, that may not be the case). *See Hanlon*, 150 F.3d at 1029 (twenty-five percent is considered a benchmark in common fund

cases); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002) (twenty-five percent benchmark, though a starting point for analysis, may be inappropriate in some cases; fees must be supported by findings). In any event, the court must approve the fee award, and Plaintiff's attorney will make a full showing to justify attorney's fees and should submit its fee request in accordance with the lodestar method.

Second, a similar issue is that the named Plaintiffs may also receive additional incentive rewards in the *Evans* case. While courts have found incentive payments to be reasonable, *see In re Mego Fin. Corp Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000), the court must evaluate the award, *see Staton*, 327 F.3d at 952, and Plaintiffs should present evidence justifying why they should receive this award amount given the interplay with the *Evans* case.

Given the parties' submissions in their pleadings and at the hearing, and considering the amount of the settlement fund, these issues need not be resolved at this stage of preliminary approval. The notice describes the incentive payments and attorneys' fees and the need for court approval.

There is another issue, and that is the scope of the release. The release in paragraph five is limited to the expense reimbursement claim that it is the only claim left in this case. Settlement Agreement § 5.2. The parties confirmed on the record that this is the scope of the release. Under the particular circumstances of this case, the release is sufficient.

In sum, the court finds that viewed as a whole, the proposed settlement is sufficiently "fair, adequate, and reasonable" such that preliminary approval of the settlement is warranted. *See Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). The court thus approves the settlement agreement preliminarily.

**V. APPROVAL OF CLASS NOTICE**

The court approves the proposed notice, which will be mailed to all class members whose identities are known to the parties. Under the settlement plan, within ten days of the preliminary settlement, Equinox will provide the Claims Administrator with the class members' names, last known addresses, social security numbers, and number of training sessions taught by each during the class period of June 1, 2006 to the date of preliminary approval. *See* Settlement Agreement § 6.2.2. Within 30 days of preliminary approval, the Claims Administrator will send class members the class

UNITED STATES DISTRICT COURT
For the Northern District of California

notice, the claim form, and the exclusion form via first-class U.S. mail. *Id.* § 1.17. The claim form will state the total number of training sessions, inform class members that they may be able to receive additional compensation if they submit valid claims that are in aggregate less than the net settlement amount, and explain how they can submit additional documentation of additional training sessions if they believe the number of sessions is wrong. *Id.* § 6.3.1. The Claims Administrator will send a reminder postcard 15 days before the expiration of the claims period. *Id.* § 7.1. The Claims Administrator also will run one skip-trace on any materials returned as undeliverable and remail them. *Id.* (The parties have already scrubbed the mail list through the notification process in state court, and apparently only 44 notices were returned as undeliverable.)

The court also finds that the notice fairly, plainly, accurately, and reasonably informs class members of the following: (1) the nature of the litigation, the settlement class, the identity of class Counsel, and the essential terms of the settlement agreement, including the plan for the refunds of the premiums; (2) information about how administrative costs, court-approved attorney's fees, and possible payment to the class representative (if approved by the court) will be paid from the fund; (3) how to challenge or opt out of the settlement, if they wish to do so, and the effect of failing to do so; (4) this court's procedures for final approval of the settlement and settlement agreement and the class members' right to appear if they desire; and (5) how to obtain additional information regarding this litigation, the settlement agreement and the approval process.

In sum, the form of the notice is approved, and the manner of distributing the class notice is approved.

## VI. COMPLIANCE WITH CLASS ACTION FAIRNESS ACT

The record does not establish that counsel served the required notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, with the documentation required by 28 U.S.C. § 1715(b)(1-8). Any final settlement approval will be more than 90 days after service. *See* 28 U.S.C. § 1715.

## VII. PROCEDURES FOR FINAL APPROVAL OF SETTLEMENT

The schedule for dates and deadlines is set forth in the table below and discussed in the sections that follow.

UNITED STATES DISTRICT COURT
For the Northern District of California

| Event | Date |
| --- | --- |
| Distribution of Court-Approved Class Notice | 30 days after issuance of this order |
| Deadline to Opt Out of Class Or Object to Settlement | 75 days after date of this order |
| Deadline for Motion for Attorney's Fees and Plaintiffs' Awards | 35 days before final hearing |
| Final Settlement Fairness Hearing | |

**A. Fairness Hearing**

At the hearing, the court will determine whether to grant final certification of the settlement class and final approval of the settlement agreement (including the payment of expenses, payment of attorneys' fees and costs and administrative costs, and payment of incentive awards to the class representatives).

**B. Mailing of Notice by No Later Than 30 Days From Today**

The court orders Equinox (through the claims administrator) to mail by first-class postage the notice to all known potential settlement class members by no later than 30 days from today's date and follow the procedures listed above. The parties shall file proof of distribution of notice at or before the final hearing.

**C. Requests for Exclusion from the Settlement**

1. Class members may exclude themselves, or opt out, of the class settlement, and that request for exclusion must be made in the manner set forth in the exclusion form in Exhibit G.

2. To be excluded from the settlement, the opt-out request must be sent to the addresses in the notice by First Class Mail and must be postmarked by 75 days from the date of this order (which is within 45 days after the Claims Administrator mails it).

3. All requests for exclusion must be provided to counsel and to the court 21 days before the final fairness hearing.

**D. Objections to the Settlement**

1. Any class member who has not opted out of the settlement and who wishes to object to the fairness, reasonableness or adequacy of the settlement must do so in writing. Class members who have timely objected to the settlement in writing may also appear at the fairness hearing.

2. Objections shall be mailed to the Claims Administrator at the address provided in the Class Notice and must be postmarked by 45 days after the claims administrator mails the notice (as provided in the class action notice at Exhibit G to the settlement agreement). Any objector should include in the written objection a statement of any intent to appear at the final fairness hearing. This is the procedure in the notice.

3. Objections raised at the fairness hearing will be limited to those previously submitted in writing. Any member of the class who does not timely serve such a written objection shall not be permitted to raise such objection, except for good cause shown, and any member of the class who fails to object in the manner prescribed herein shall be deemed to have waived, and shall be foreclosed from raising, any such objection.

4. Class counsel and Equinox shall file copies of all timely objections with the court 21 days before the fairness hearing.

**E. Deadline for Submitting Motion Seeking Final Approval**

Plaintiff shall file a Motion for Final Approval of the Settlement and Settlement Agreement at least two weeks before the final fairness hearing.

**F. Deadline for Petition for Attorneys Fees, Costs, and Expenses**

Class counsel shall file with this court their petition for an award of attorneys' fees and reimbursement of costs and expenses, and for approval of a reasonable service award for the named plaintiffs and class representatives, no later than 35 days before the final hearing (and earlier would be better). The motion shall be heard at the time of the fairness hearing.

**G. Plaintiff's and Class Members' Release**

If, at the fairness hearing, this court grants final approval to the settlement and the settlement agreement, the named Plaintiff and each individual settlement class member who does not timely opt out will release claims, as set forth in the settlement agreement, by operation of this court's entry of the judgment and final approval.

Case3:10-cv-03586-LB Document156 Filed04/18/13 Page10 of 10

UNITED STATES DISTRICT COURT
For the Northern District of California

**CONCLUSION**

This disposes of ECF No. 154.

**IT IS SO ORDERED.**

Dated: April 18, 2013

LAUREL BEELER
United States Magistrate Judge

C 10-03586 LB (ORDER)
10